## MICHAEL E. DAVOCK *v.* JAMES DARCY.

A wife may obtain a separation of property, though she brought no dowry in marriage, and have no actual rights or claims against her husband, which can be endangered by the disorder of his affairs, where the habits or circumstances of her husband render it necessary to preserve for her family the earnings she may afterwards derive from her industry or talents. Her right to a separation is not limited to the cases mentioned in art. 2399 of the Civil Code.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*Barthe*, for the appellant.

*Redmond* and *Budd*, contra.

MORPHY, J. The plaintiff, having obtained a judgment, levied his execution on the contents of a hat and clothing store in Chartres street, as belonging to the defendant. The wife of the latter, Jane Darcy, filed an opposition, claiming the goods seized as her individual and separate property. The evidence shows, that on the 10th of August, 1841, the opponent, by a decree of the District Court, was separated in property from her husband, who had failed some time before, and that her separation was duly advertised according to law. From this decree she appears to have brought no dowry in marriage, and to have had no rights or claims against the defendant. The evidence further shows, that at the time of the levy, and long before, she was in the occupancy of the store, which was rented by her; that the goods seized were purchased and paid for by her after the judgment of separation, and were insured in her name; that she is a person of remarkable industry as a seamstress; and that she manufactured herself, and supplied the store with all the ready made clothing sold in it, and that she carried on business in her name as a retailer, although the defendant was about the store, and attended with her to the management of it. Under these facts, the Judge below sustained the opposition of Jane Darcy, and set aside the seizure; whereupon, the plaintiff appealed.

It is contended, on the part of the appellant, that the judgment of separation relied on, is, on its face, null and void; as it shows none of the circumstances which, under article 2399 of the Civil Code, authorize a judicial separation between husband and wife; in other words, that a wife who has brought no dowry, and has no rights and claims to exercise against her husband, cannot obtain a separation of property. Even admitting that the appellant can, in this way, attack the validity of a judgment of separation rendered by a court of competent jurisdiction, which may well be questioned, it appears to us that the ground he has taken cannot avail him. It is true, that in the article referred to, the danger the wife is in of losing her dowry from the mismanagement of her husband, or the belief created by the disorder of his

Davock v. Darcy.

affairs that his estate may not be sufficient to meet her rights and claims, are mentioned as the causes which authorize her to pray for a separation of property ; but it does not necessarily follow that she can, in no case, obtain a separation of property, because she brought no dowry, or had no actual claims against her husband which may be endangered. A wife who has brought no money in marriage, may bring that which is more than an equivalent for it. She may be a good teacher of music, a milliner, or possess some other art, or industry, whereby she can make large earnings for the support of her family. If the husband of such a woman is a spendthrift, or an imprudent man, all her gains, which would belong to the community, might be squandered away by him, or be seized by his creditors. Although in such a case, the wife have brought no dowry, she has an interest as strong as if she had brought one, in being separated from her husband, and in putting an end to the community, in order to preserve for her family, the future earnings or gains she may derive from her industry or talents. The object of a separation of property is twofold : it provides for the present, by enabling the wife to recover her dowry, or other claims against her husband ; and it provides for the future, by putting an end to the community, and thus securing to the wife her individual acquisitions, or gains thereafter, in whatever manner obtained. It would be giving to the article of the Code too narrow a construction, to limit the wife's right to a separation to the cases therein enumerated, because they are the most ordinary ones. Pothier, De la Communauté, Vol. 2, No. 501. Toullier, Vol. 13, p. 48, No. 28. 8 Duranton, Brussels' edit. p. 192, No. 404. We conclude then, that although a woman has brought no dowry, and has no actual claims against her husband, she is not absolutely precluded from the right of obtaining a separation of property. As we have not before us the evidence on which the decree of separation was based, we will presume that it was rendered upon a proper and sufficient showing.

*Judgment affirmed.*