### D. DINKGRAVE *v.* NORWOOD, Sheriff, et al.

The seizing creditors cannot contest the reality of a judgment right, acquired before the existence
of their own claims.

APPEAL from the District Court of Ouachita, *Richardson*, J.
*Ludeling*, for plaintiff and appellant.  *McGuire & Ray*, for defendant.

BUCHANAN, J.  The plaintiff, a married woman, enjoins seizures made under
executions of three several judgments against her husband, on the ground
that the effects seized are her separate property.  She gives in evidence a
judgment of separation of property between herself and her husband, rendered
in May, 1848, and recognizing her as his creditor for a large sum; also, sales of
property in execution of said judgment.  She also gives in evidence a partition
of the estate of her father in 1842, among his heirs, showing what property
she inherited.  The District Judge has gone into an elaborate examination of
the facts, in his reasons for judgment, and has stated them, as we think, cor-
rectly.  He concludes by perpetuating the injunction, as to a portion of the
property seized, and dissolving it as to the remainder, being three lots of ground
in the village of Monroe, with the improvements, which were acquired by
plaintiff at a Sheriff's sale, in execution of her judgment against her husband
in October, 1848.  The District Judge rejects plaintiff's claim to this property,
because, according to the computation which he has made, of the amount of
property proved in this case to have come into her husband's hands, he is of
opinion, that the full amount of plaintiff's legal claims against her husband,
had been satisfied out of a previous sale of property in execution of the same
judgment, although the nominal amount of said judgment was not so satisfied.
A point has been made in argument in this court, which we think merits atten-
tion.  The three creditors of plaintiff's husband, whose executions are enjoined
herein, only date their claims, so far as the evidence informs us, from May,
1849, (as to one of them,) and from December, 1850 (as to the two others);
while the judgment of plaintiff against her husband, was rendered in May,
1848.

The seizing creditors cannot contest the validity of a judgment right acquired
before the existence of their own claim.  *Landry* v. *Marchais*, 6 An. 89.  *Du-
claud* v. *Rousseau*, 2 An. 174.

It is therefore adjudged and decreed, that the injunction issued in these con-   DINKGRAVE
solidated cases be perpetuated; and that the appellees, *Fullson & Co.*, *Mar-*      *v.*
                                                                               NORWOOD.
*shall & James*, and *Dunbar & Co.*, pay costs in both courts.