## JEANETTE MOCK *v.* KENNEDY et als.

A State Court may enjoin the United States Marshall from seizing the property of one person under an execution against another.

A married womon on proof of the insolvent condition of her husband, and on proof also that she has skill and industry to earn a separate livelihood, has a right to a separation of property, whether at the time of marriage she had or had not property.

APPEAL from the Fifth District Court of New Orleans, *Augustin, J.*
   *G. & C. E. Schmidt,* for plaintiff.   *A. G. Semmes,* for defendant and appellant.

LEA, J.   In this case the plaintiff has proved that the judgment, decreeing a separation of property between her husband and herself, was based upon sufficient considerations in law and fact. It is shown that, at the date of her marriage with *Rose,* she had a separate industry and a considerable amount of property; that after the marriage *Rose* took possession of her effects, and that he afterwards became insolvent, and was sued by several of his creditors. These

ELAM
*v.*
NOLAN.

MOCK
v.
KENNEDY.

facts, which have been established by evidence taken contradictorily with the defendants, justified the application for a separation of property and the decree maintaining it. We think, moreover, that the evidence fully establishes the plaintiff's right of property in the goods seized.

The stock of merchandise appears to have been purchased originally with funds borrowed upon her credit and lent to her individually. The store was not only carried on in her name but was managed by her, and supported by her personal credit, and at her individual resposibility. The evidence in support of these facts was satisfactory to the District Judge, and we are unable to say that his conclusions were erroneous.

This view of the case brings us to the consideration of the exception taken to the jurisdiction of the court, on the ground that a State Court has no right to enjoin the execution of a writ emanating from a Federal tribunal. The question presented is one of title, which is wholly independent of the proceedings in the Federal court. Every court, whether State or Federal, has, as a general rule, an exclusive control over the enforcement of its own process, except so far as it is subject to the revision of an appellate tribunal. This court cannot inquire into the validity of the judgment upon which the execution issued, or the validity of the execution itself. But the plaintiff, without inviting any inquiry into the validity of these proceedings, to which she is not a party, invokes the protection of the court against an illegal seizure of her property, made by the officer charged with the enforcement of the writ of execution against a third person. She tenders an issue of title which has no connection whatever with the proceedings had in the Federal tribunal. This question, we think, the State tribunal may lawfully examine and determine, as it involves no conflict of jurisdiction. The writ, emanating from the Federal court, commands the Marshall to seize property belonging to the defendant in execution. The decree, perpetuating the injunction, commands the Marshall to abstain from the commission of a trespass, by the seizure of property which does *not* belong to the defendant in execution.

The legal doctrine governing such a case, is concisely expressed in 1st Kent's Commentaries, page 411. " If the officer of the United States who seizes, or the court which awards the process to seize, has jurisdiction of the subject matter, then the inquiring into the validity of the seizure belongs exclusively to the Federal courts; but, if there be no jurisdiction in the instance in which it is asserted, as if a Marshall of the United States under an execution in favor of the United States against A, should seize the person or property of B, then the State courts have jurisdiction to protect the person and the property so illegally invaded. "

For a further illustration of this subject, see *Slocom* v. *Mayberry*, 2d Wheaton page 1; *Bruen* v. *Ogden*, 6th Halsted, 370; *Robb* v. *Wagner*, 5th Annual, 111; also *Dunn & Wife* v. *Vail*, 7th Martin, p. 436.

We find the evidence too vague and unsatisfactory to constitute a proper and sufficient basis for a decree awarding damages, the plaintiff's right to recover damages should, however, be reserved.

It is ordered that the judgment appealed from be amended so as to read as follows: It is ordered that the injunction herein sued out be maintained and made perpetual; that upon the plaintiff's claim for damages there be judgment, as in case of non suit. It is further ordered that the costs of suit in the District Court, together with the costs of this appeal, be paid by the defendants and appellants.