## Case No. 3,553.

### DALY v. SHERIFF.

[1 Woods, 175.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1871.

INJUNCTION—REMEDY AT LAW—RESTRAINING EXECUTION SALE—INDEMNITY BOND — ENJOINING STATE COURTS.

1. The property of A., consisting of a lease and stock of goods, was seized by the sheriff to satisfy an execution issued out of a state court against the property of B., and on the demand of the sheriff, an indemnity bond for the benefit of A. was furnished by the execution creditor; held, that an action on such bond, or an action of trespass against the sheriff, is not such an adequate and complete remedy at law as would oust the jurisdiction of a court of equity of a bill filed to restrain the sale of the property of A. by the sheriff.

2. But a federal court cannot interfere by injunction to restrain a sale of the property of A. on an execution issued out of a state court against the property of B.

[Cited in Perry v. Sharpe, 8 Fed. 23; American Ass'n v. Hurst, 59 Fed. 4.]

This was a cause in equity which was heard upon the motion of complainant for an injunction.

J. J. Foley, for complainant.

E. Filleul, for defendant.

WOODS, Circuit Judge. The bill of complaint states in substance that complainant is the owner of a lease of certain premises in the city of New Orleans, and of a stock of goods therein contained, where he is doing a profitable business as a merchant tailor. That the defendant, Sauvinet, claiming to act as civil sheriff of the parish of Orleans, has seized the lease and stock of goods as the property of one Dezulter, by virtue of a writ of fieri facias issued on a judgment rendered against Dezulter at the suit of one Gardineir by the fifth district court of said parish; has placed a keeper in possession of the premises and goods, and is about to advertise and sell the property to satisfy the execution. The bill prays for injunction and general relief. The case is now heard upon the motion for a preliminary injunction of which reasonable notice has been served on the defendant. The reply of Sauvinet, defendant, to the motion for injunction, is, that having seized the property mentioned in the bill as the property of the defendant Dezulter, the complainant claimed it, whereupon he, Sauvinet, demanded of the plaintiff in execution, a bond of indemnity, which was

furnished, and he therefore delivered the same to the complainant, according to the provisions of section 3579 et seq., Ray's Rev. St. This proceeding he imagines is a bar to the present suit, by virtue of the provisions of article 3580, Id. He further alleges that the complainant has a complete and adequate remedy at law, and that the state court having acquired jurisdiction over said property by the seizure thereof, in execution issued out of the state court, this court cannot and should not interfere to divest that jurisdiction. The bill of complaint is, as usual in such cases, sworn to, and the facts therein alleged are not denied by the defendant, either by averment or proof. It is evident that the complainant has no adequate relief at law. An action of trespass against the sheriff, or a suit on an indemnity bond would afford very inadequate redress for a wrong by which complainant's property was seized and sold, and his business broken up. While an action of replevin might restore the possession of the goods to complainant, it would not prevent a sale of the lease. The bond of indemnity taken by the sheriff may, under the law of this state, protect him from any action brought by the complainant against him for such seizure, but this law cannot control the equity jurisdiction of the United States courts, or preclude them from preventing irreparable mischief by the writ of injunction.

The only sound objection to the granting of an injunction is that the state court has acquired jurisdiction over the property seized, which this court should not interfere with. In Mock v. Kennedy, 11 La. Ann. 525, decided in June, 1856, the supreme court of Louisiana, speaking by Mr. Justice Lea, upheld the right of a state court to restrain by injunction a United States marshal, who, on a writ of fieri facias, directed against the property of A., had seized the property of B. The point is thus forcibly argued by Judge Lea: "The question presented is one of title, which is wholly independent of the proceedings in the federal court. Every court, whether state or federal, has as a general rule an exclusive control over the enforcement of its own process except so far as it is subject to the revision of an appellate tribunal. This court cannot inquire into the validity of the judgment upon which the execution issued, or the validity of the execution itself. But the plaintiff, without inviting any inquiry into the validity of these proceedings to which she is not a party, invokes the protection of the court against an illegal seizure of her property made by the officer charged with the enforcement of a writ of execution against a third person. She tenders an issue of title that has no connection with the proceedings had in the federal tribunal. This question we think the state tribunal may lawfully examine and determine, as it involves no conflict of jurisdiction." So in Cropper v. Coburn [Case No. 3,416], Mr. Justice Curtis

took the same view and held that the circuit court of the United States could enjoin a sheriff who on an execution against a judgment debtor had seized the property of a third person. These decisions are sustained by the views of Chancellor Kent, as expressed in his Commentaries (volume 1, p. 410), as follows: "If the officer of the United States who seizes or the court which awards the process to seize has jurisdiction of the subject matter, then the inquiry into the validity of the seizure belongs exclusively to the federal courts. But if there be no jurisdiction in the instance in which it is asserted or if a marshal of the United States under an execution in favor of the United States against A. should seize the person or property of B., then the state courts have jurisdiction to protect the person and property so illegally invaded; and it is to be observed that the jurisdiction of the state court in Rhode Island was admitted by the supreme court of the United States in Slocum v. Maybury upon that very ground."

Unfortunately for complainant, however, all this has been expressly overruled by the supreme court of the United States in Freeman v. Howe, 24 How. [65 U. S.] 453. In that case Mr. Justice Nelson speaking for the court says: "Another and main ground relied on by the defendants in error is that the process in the present instance was directed against the property of the railroad company, and conferred no authority upon the marshal to take property of the plaintiff in the replevin suit. But this involves a question of right and title to the property under the federal process, and which it belongs to the federal and not the state courts to decide." Again he says: "The case of Slocum v. Maybury, 2 Wheat. [15 U. S.] 2, has been referred to as holding a different doctrine from that maintained by the plaintiff in error in the present case. We have examined that case attentively and are satisfied that this is a misapprehension." He adds further on: "Reference was made also in the argument in the present case to an opinion expressed by Chancellor Kent in his Commentaries (volume 1, p. 410)." He then quotes the passage already herein cited and adds: "The error into which the learned chancellor fell, from not being practically familiar with the jurisdiction of the federal courts, arose from not apprehending for the moment the effect of transferring from the jurisdiction of the federal court to that of the state, the decision of the question in the example given, for it is quite clear upon the principle stated, the jurisdiction of the former and the validity and effect of its process would not be what the federal but state court might determine. No doubt if the federal court had no jurisdiction of the case, the process would be invalid, and the seizure of the property illegal, for which the party aggrieved is entitled to his remedy. But the question is, which tribunal, the federal or state, possesses the power to determine the question of jurisdiction or validity of the process. The effect of the principle stated by the chancellor, if admitted, would be most deep and extensive in its operation upon the jurisdiction of the federal court, as a moment's consideration will show. It would draw after it into the state courts not only all questions of the liability of property seized on mesne or final process issued under authority of the federal courts, including the admiralty, for this court can be no exception, for the purpose for which it was seized, but also arrests upon mesne and imprisonment on final process, of the person both in civil and criminal cases; for in every case the question of jurisdiction could be made: and until the power was assumed by the state court, and the question of jurisdiction of the federal court was heard and determined by it, it could not be known whether in the given case it existed or not. We need scarcely remark that no government could maintain the execution or administration of the laws, civil or criminal, if the jurisdiction of its judicial tribunals were subject to the determination of another." This decision is affirmed and approved in the late case of Buck v. Colbath, 3 Wall. [70 U. S.] 334. It seems clear that the converse of the proposition thus enforced by the supreme court is true, namely, that the federal courts cannot interfere with the powers of the state courts save in cases where the jurisdiction of the subject matter is exclusively vested in the federal courts, as in proceedings in bankruptcy, and cases arising upon letters patent and copyright. The motion for the injunction must be overruled.