No. 3359.—KATE L. HANNEY v. THOMAS L. MAXWELL and another.

To enable a judgment creditor to maintain a seizure of property held by the wife as her separate estate, under a judgment of separation, on the allegation that the judgment of separation was collusive, and rendered in fraud of the rights of the seizing creditor, the seizing creditor must show affirmatively that he was a creditor at the time the judgment of separation was rendered. C. C. 3434; 6 An. 391; 4 R. 336.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. E. K. Washington,* for plaintiff and appellant. *R. & H. Marr,* for defendant and appellee.

HOWE, J. The plaintiff alleged that she was separate in property from her husband by judgment of a competent court, and entitled to the possession of certain paraphernal property, and especially of certain furniture, which had been decreed by the judgment to belong to

4

her separate estate. This judgment was rendered December 29, 1869, and duly published, and decreed the house in which she then resided and the furniture therein (which is the furniture in question) to be her paraphernal property.

She further alleged that the defendant Maxwell had, on the twentieth of June, 1870, seized this furniture under a writ of *fi. fa.* issued on a judgment in favor of H. Hansell *v.* J. A. Pickett & Co., and she prayed for an injunction. It appears that her husband was one of the firm of J. A. Pickett & Co.

The defendants answered by a general denial and an allegation that the judgment of separation was fraudulent and collusive.

There was judgment in favor of plaintiff, perpetuating the injunction, and the defendants appealed.

The plaintiff established the case set forth in her petition, and the defendants failed to prove the single affirmative point made by them in their answer. They did not prove, nor even allege, that H. Hansell was a creditor at the time the judgment of separation was rendered, and it was therefore logically impossible for them to establish their allegation that it was rendered by collusion to defraud *him.* Rev. C. C. 2434; Morris *v.* Williams, 6 An. 391; Brassac *v.* Ducros, 4 Rob. 336.

Judgment affirmed.

Rehearing refused.