Hon. FÉLIX P. POCHÉ,
Hon. ROBERT B. TODD,
Hon. CHARLES E. FENNER,
Hon. LYNN B. WATKINS,

} *Associate Justices.*

*Absent during this term.

### No. 1169.

#### R. N. LEWIS vs. G. A. PETERKIN ET AL.

The appellant who suggests a diminution of the record before the expiration of the three judicial days within which he may file the transcript of appeal, is entitled to a *certiorari* for the correction and completing of the transcript, even after the cause has been argued and submitted for judgment, in case his application be made before the expiration of the three days aforesaid.

A judgment of separation of property duly rendered in favor of the wife against her husband, cannot be inquired into or attacked collaterally by a creditor of the husband, whose claim had not yet arisen when the judgment was rendered.

A married woman separated in property from her husband has the legal right to purchase property in her own name and for her separate account, and the burden of proof is on the party assailing the validity of such sales.

Lewis vs. Peterkin et al.

A PPEAL from the Sixth District Court, Parish of Morehouse. *Levy, Judge ad hoc.*

*R. B. Todd, Jr.*, for Plaintiff and Appellant.

A judgment of separation of property. in order to be valid, must be executed ; *dation en paiement* one year after its rendition, does not revive or give it effect.   28 Ann. 345 ; 34 Ann. 690.

A judgment of separation to effect third persons must be advertised or recorded.

Parol evidence is inadmissible to show authority to purchase real estate.   C. C. 2997, 2440 ; 23 Ann. 196 ; 28 Ann. 678.

A simulated sale conveys no rights to the pretended vendee.   15 Ann. 177 ; 23 Ann. 46.

Where a sale is attacked on account of simulation the widest latitude is allowed.   30 Ann. 1203 ; 36 Ann. 681.

When the wife, who is separate in property, has left the enjoyment of her property to her husband without any procuration he is not answerable for the fruits until a demand be made by his wife, or if it is not made, until the dissolution of the marriage.   He is not accountable for the fruits that have been previously consumed.   C. C. 2396.

If after a separation of property and a dissolution of the community the husband operates with the wife's funds, this should be clearly made to appear.   15 Ann. 33 ; 16 Ann. 214 ; 18 Ann. 126 ; 29 Ann. 532.

If the husband buys and pays for property the purchase will be presumed to be his ; if he uses his wife's funds this must be shown by her.   10 Ann. 784 ; 15 Ann. 33, 119 ; 21 Ann. 343 ; 22 Ann. 148.

*Newton & Cason*, for Defendant and Appellee :

ON MOTION TO DISMISS AND ON APPLICATION FOR CERTIORARI.

The opinion of the Court was delivered by

POCHÉ, J.   On the first day of the present term appellees moved for the dismissal of this appeal on the ground that the clerk, in his certificate, did not state that the transcript contained all the evidence adduced on the trial below.

Two days later, appellant filed his application for an order to direct the clerk of the district court to correct his certificate, and the application is resisted by appellees on the ground that it was not made before, or at the time of the argument as required by art. 898 of the Code of Practice.

It is true that the motion for a *certiorari* was made after the case had been submitted, and not, as erroneously contended for by appellant's counsel, after it had been partially submitted.   But it is clearly apparent that the fault is not imputable to appellant, if the clerk omitted to state the whole truth in his certificate.   The transcript is voluminous, and it contains a mass of documentary evidence and of parol testimony taken down in writing.

Hence, it is more than probable that the error is in the certificate ; and for that reason the appeal cannot be dismissed.   Revised Statutes,

section 36, Flint vs. Peck, 22 Ann. 246; Baltimore vs. Parlange, 25 Ann. 335; Burton vs. Hicks, 27 Ann. 507; Stafford vs. Harper, 32 Ann. 1076.

Now, as the appeal cannot be dismissed at the present stage, because the apparent deficiency of the transcript is not imputable to appellant, and as the case cannot be tried because it is not shown that the transcript does contain all the evidence offered, admitted and considered below, what will become of the case? Reason and law alike point out the course to be pursued, and require that appellant be allowed an opportunity to complete his transcript; as the three judicial days within which he could file his transcript had not yet expired when the case was argued and submitted, his right, under the law, to have his transcript corrected and completed is not affected by the provisions of article 898 of the Code of Practice. Such a course was pursued in the case of Trudeau vs. Railroad, 15 Ann. 717, in which the following rule was formulated. " When a diminution of the record is suggested, the Supreme Court will order a *certiorari* to perfect it, although the case has been submitted for judgment."

But as it may happen that the silence of the clerk in his certificate is proof of a negative fact, and that the transcript does not contain all the evidence adduced at the trial, we shall not now dispose of appellee's motion to dismiss the appeal, and shall postpone consideration thereof until the clerk makes his return on the *certiorari*.

It is therefore ordered that a writ of *certiorari* issue to the clerk of the district court of the parish of Morehouse ordering him to complete his certificate to the transcript of appeal in this case, by stating positively whether said transcript does or not contain all the evidence adduced on the trial of said cause, and that said writ be made returnable on the 18th day of June, 1887.

## ON THE MERITS.

This is an action in declaration of simulation, in which plaintiff, a judgment creditor of the defendant husband, seeks to subject to the execution of his judgment two pieces of immovable property purchased in the name of the wife, but alleged to be the property of the judgment debtor.

The wife resists the demand, and urges that at the time that she purchased the property she was duly separated in property from her husband by judgment, and that the purchases were made with her separate funds, of which she had the administration.

Plaintiff appeals from a judgment which rejected his demand.

It appears from an admission of the parties in the record that in the year 1870 the court-house of the parish of Morehouse was entirely destroyed by fire, together with all the records and papers therein contained and belonging to the district court of that parish. Hence, secondary evidence, consisting of parol testimony, was properly admitted to show the alleged judgment of separation of property between Peterkin and his wife, rendered by that court in the year 1869. That testimony is corroborated by an authentic act executed by Peterkin and his wife on June 25, 1870, by which he transferred to her some movable property in part payment of the moneyed judgment which she had obtained against him.

Having proven that much, touching her condition as separate in property from her husband, the defendant wife is entitled to protection under her judgment against any collateral attack on the validity of the same on the part of plaintiff, whose claim against Peterkin did not originate before the year 1876, and whose judgment which he is now seeking to enforce against the property in dispute, was rendered only on the 25th of April, 1880.

As he was not a creditor of the husband at the date of the judgment of separation of property, he had no legal concern with its existence or validity, as he had no rights which could be jeopardized or affected thereby in the least.

This ruling finds ample support in reason and as well as in authority; and we find that in our jurisprudence it has been formulated thus:

"A judgment that has been regularly obtained by the wife against her husband cannot be contested or inquired into collaterally by a creditor of the husband whose claim only arose after it was rendered." Farwell vs. O'Neil, 22 Ann. 619; Dinkgrave vs. Norwood, 10 Ann. 564.

The judgment having been regularly rendered, and having been partly satisfied through a giving in payment executed in an authentic act within a reasonable time (C. C. 2428), it follows that the wife was thus fully able and authorized to purchase property in her own name, and the burden of proving the invalidity of such purchases is on the party attacking the same. Chaffe & Sons vs. De Moss, 37 Ann. 186; Farrell vs. O'Neil, 22 Ann. 619; Todd, curator, vs. Larkin, 38 Ann. 672.

Plaintiff has undertaken the task, and he has introduced evidence in support of his contention that both purchases, though made in the name of the wife, were in truth and in fact made for the husband. His evidence amounts at most to negative conjectures, showing some suspicious circumstances. But its weight is entirely destroyed by the

positive testimony of the defendant wife, who swears that both purchases were made for her own account; and it appears that both pieces of property have been since and continuously enjoyed by her, and treated and considered by the whole community as her separate estate.

The record shows that she received a considerable inheritance from her father and mother, and that for many years she has owned a large and valuable plantation which she at times leased, and at other times cultivated, and from which she could derive revenue sufficient to make subsequent and additional purchases. But being separate in property, she had the right in law to purchase property on terms of credit at her discretion, and the creditors of her husband have no authority to inquire into the source of the means or funds which she used in making payments thereon. It is sufficient for her to show that her true and real intention was to purchase for her own account, and it is incumbent on complaining creditors to make proof of the alleged simulation of the purchases made.

It may be conceded, as plaintiff contends, that the credit instalments on the purchase price of the town lot and residence in Bastrop were paid with parish warrants held by her husband for debts due him by the parish. She testifies that she acquired that paper from her husband in satisfaction of a debt which he owed her, and the record contains no evidence to the contrary. At the date of that purchase in 1877, plaintiff was not yet a judgment creditor of the husband. Hence, his rights or those of other creditors could not be affected, and they could not resist the legal effect of the purchase even if it were proved that Peterkin had made a donation to his wife of the parish paper without consideration.

Dealing with a similar attack, this Court has recently said: "What motive, then, for disguise or simulation? How natural, then, that all parties should have intended that the title should pass to the wife as a real title and as the true owner! If such was the intention, and we are convinced that it was, the wife's title could not be attacked as a simulation even if the husband had given the notes (with which the price was paid) to her without consideration." Todd vs. Larkin, 38 Ann. 672.

The true intention of the parties in the case at bar is made still more manifest by the fact that from 1877 to 1882 the husband was engaged in a mercantile business of considerable magnitude, and that he thus owned in his own name some immovable property in that parish, which he continued to own as late as the year 1885.

It also appears from the record that the validity of Mrs. Peterkin's purchases of the property now under discussion has already been subjected to judicial test at the instance of her husband's creditors, whose attack was defeated.

Our conclusion is that her titles have successfully withstood the assault made by the plaintiff in this case, and that she is entitled to enjoy the benefits of the investment of her separate funds.

Judgment affirmed.

Mr. Justice Todd takes no part in this case.