## No. 10,125.

### BROWN & LEARNED vs. JOHN SMYTHE ET AL.

Creditors whose claims arose subsequent to a judgment of separation of property between husband and wife cannot contest the correctness or validity of such judgment, except, at least, for absolute nullities.

Want of publication of the judgment, unless shown to have been fraudulent or injurious, is not a ground of nullity which subsequent creditors can urge.

Where the judgment allows no money claim against the husband and only recognized the wife's title to a carriage and horses shown to have been her paraphernal property, no execution was necessary, and want of it is not a ground of nullity.

The wife's right to a separation of property is not limited to cases where she has actual claims against her husband which are endangered, but extends also to the case in which his circumstances require it, in order that she may enjoy the fruits of her separate industry for the support of herself and family without liability to her husband's creditors.

A PPEAL from the Ninth District Court, Parish of Tensas. *Young*, J.

---

*J. N. Luce* and *S. L. Elam* for Plaintiffs and Appellants.

*Steele, Garrett & Dagg* for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J.    The object of this action is to declare the nullity of a judgment of separation of property between defendant John Smythe and his deceased wife, with the view of subjecting certain property subsequently acquired by the wife to the payment of the husband's debts.

The grounds of nullity alleged are two—want of publication, and non-execution of the judgment.

1. *As to want of publication.* Plaintiffs only became creditors of the husband long after the judgment of separation and acquisition of the property by the wife.

It is well settled that such creditors have no right to contest the correctness or validity of the judgment, except, at least for absolute nullities.    Gates vs. Legendre, 10 Rob. 74; Brassac vs. Ducros, 4 Rob. 336; Morris vs. Williams, 6 Ann. 391; Levistones vs. Brady, 11 Ann. 696; Noland vs. Bemiss, 14 Ann. 49; Farrell vs. O'Neill, 22 Ann. 619; Hanney vs. Maxwell, 24 Ann. 49; Lewis vs. Peterkin, 39 Ann. 780.

It is equally well settled that want of publication, unless shown to have been fraudulent and injurious to third persons, is not a cause of absolute nullity.    Turnbull vs. Davis, 1 N. S. 568; Raiford vs. Thorn, 15 Ann. 81.

In this case, moreover, want of publication is not proved.    Files of the newspaper in which it should have been published could not be found.    The presumption is that the law was complied with.

2. *As to non-execution.*    The petition for separation alleged and the judgment allowed no money judgment against the husband, and no claim for any property except a carriage and pair of horses.    The evidence establishes that these were her paraphernal property, owned by her before marriage, and the judgment simply recognized her title to them.    There was no necessity for the execution of such a judgment. Jones vs. Morgan, 6 Ann. 632; Holmes vs. Barbin, 13 Ann. 474; Vickers vs. Block, 31 Ann. 672; Baldwin vs. Insurance Company, 2 Rob. 136.

She would have had the right to hold or resume the possession and administration of such paraphernal property without the necessity of a judgment of separation or execution thereof.    Her petition plainly sets forth that her object was, in view of the embarrassment and heavy indebtedness of her husband, "to secure to herself the moneys of her own industry and to enable her to reap the fruits of her own industry."    This has been frequently held to afford a sufficient ground for the separation, independent of any actual claims against

her husband which may be endangered. Davock vs. Darcy, 6 Rob. 343; Jones vs. Morgan, 6 Ann. 632; Wolf vs. Lowry, 10 Ann. 272; Mock vs. Kennedy, 11 Ann. 525; Webb vs. Bell, 24 Ann. 75; Meyer vs. Smith, Ib. 153; Block vs. Vickers, 31 Ann. 672.

The charge that the property acquired by the wife was bought with the husband's means is not only unsustained, but rebutted by proof to the contrary.

Judgment affirmed.