No. 2576

Second Circuit

---

BROWN v. ROBERSON, ET AL.

---

(May 22, 1928.   Opinion and Decree.)

---

(*Syllabus by the Editor.*).

1. **Louisiana Digest—Marriage—Par. 192, 199, 202, 260, 262.**
"Creditors whose claims arose subsequent to a judgment of separation of property between husband and wife, cannot contest the correctness or validity of such judgment, except at least, for absolute nullities."

2. **Louisiana Digest—Marriage—Par. 199, 202, 203, 260, 262.**
Failure to publish a decree of separation of property is not such a nullity as subsequent creditor can raise unless such failure to publish decree has injured creditor.

Appeal from the Second Judicial District Court, Parish of Bienville. Hon. John S. Richardson, Judge.

Action by D. E. Brown, Jr., against E. C. Roberson, et al.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

P. E. Brown, of Arcadia, attorney for plaintiff, appellant.

J. Rush Wimberly, of Arcadia, attorney for defendants, appellees.

WEBB, J. The plaintiff, D. E. Brown, Jr., owner of a judgment rendered in his favor against E. C. Roberson, on July 20, 1914, and revived in March, 1924, brings this suit against E. C. Roberson and his wife, Mrs. F. J. Roberson, to have a judgment of separation of property rendered on March 6, 1903, in favor of Mrs. F. J. Roberson, against her husband, E. C. Roberson, annulled, and to subject to the payment of his judgment certain immovable property alleged to have been purchased by Mrs. Roberson on December 7, 1917, April 24, 1919, and April 9, 1921, by having the said property declared to belong to the community.

The defendant filed an exception of no cause of action, which was referred to the merits, and then filed a plea of prescription of one year, which was tried and sustained, and judgment rendered dismissing plaintiff's suit at his cost, from which he appeals.

In presenting the cause here, both parties have, in argument and in their briefs, considered the exception of no cause of action as well as the plea of prescription, and we assume that they desire that we should pass upon both of the exceptions.

While the objective of the plaintiff is to subject the immovable property alleged to have been acquired by Mrs. Roberson subsequent to the decree of separation to the payment of his judgment, it appears to be conceded that such objective cannot be attained in the present case, without having the decree of separation of property annulled, as it is argued that the separation being null and void the community was not dissolved by the decree of separation but continued to exist and the property purchased in the name of the wife fell into the community and became liable for the debts of the husband, the head and master of the community; and from this point of view. we consider the exceptions.

The statement previously made indicates that the parties admit that plaintiff was not a creditor of the husband at the time the decree of separation of property was rendered, and the ground on which plaintiff attacks the decree are, in substance, that the judgment was rendered by collusion between Mrs. Roberson and her husband, E. C. Roberson, to defraud and shield the property of the husband from pursuit of his creditors, and especially the plaintiff; that the husband, E. C. Roberson, was not indebted unto his wife before or at the time of the judgment, and that she had not owned separate property as shown by the judgment, nor as shown by a certain act of datien en paiement, which was a simulation and fraud; that the pretended judgment had not been recorded or published and was without effect, and, further, that the parties had disregarded the judgment, the husband holding himself out as the head and master of the community.

Considering the allegations with reference to the exception of no cause of action, we are of the opinion that the allegation that the judgment was rendered by collusion between the husband and wife to defraud and shield the community property from the creditors of the community, and especially the plaintiff, should be ignored in view of the fact that plaintiff was not a creditor of the husband at the time the judgment of separation was rendered.

In Hanney vs. Maxwell, 24 La. Ann. 49, in which the syllabus reads:

"To enable a judgment creditor to maintain a seizure of property held by the wife as her separate estate, under a judgment of separation, on the allegation that the judgment of separation was collusive, and rendered in fraud of the rights of the seizing creditor, the seizing creditor must show affirmatively that he was a creditor at the time the judgment of separation was rendered"

the court in substance said that the seizing creditor did not prove or even allege that he was a creditor at the time the judgment of separation was rendered, and it was therefore logically impossible for him to establish his allegation that it was rendered by collusion to defraud him, and consequently while there is a presumption that a community of acquets and gains exists between married persons residing in this state, it provides that the wife may demand a separation of property or the dissolution of the community under certain circumstances (Arts. 2425, et seq. C. C.), and when such circumstances exist the wife may pursue her legal rights or course without any foundation for a charge of fraud against her by persons subsequently dealing with the husband, and this would be true although as to the husband, as well as the persons with whom he subsequently deals, it may have been better for the wife to have refrained from exercising her legal right.

The plaintiff being a creditor subsequent to the decree of separation could attack the decree only for absolute nullities.

"Creditors whose claims arose subsequent to a judgment of separation of property between husband and wife, cannot contest the correctness or validity of such judgment, except, at least, for absolute nullities." (Brown vs. Smythe, 40 La. Ann. 325, 4 So. 872; also Lewis vs. Peterkin, 39 La. Ann. 780, 2 So. 577; Dinkgrave vs. Norwood, 10 La. Ann. 564; Morris vs. Williams, 6 La. Ann. 391).

The allegation that the husband was not indebted to the wife in any amount at the time the decree was rendered, if such an indebtedness was the sole ground of the suit and basis of the decree, would be such a nullity as could be urged by a subsequent creditor.

However, the law does not restrict the right of the wife to demand a separation of property from her husband when his affairs are in a disordered condition, to the case where he is indebted to her; but she may obtain such a decree on other grounds, as where she has separate property of which she desires the administration. (Chaffe vs. Forcheimer, 35 La. Ann. 505), and in plaintiff's petition it is alleged that the wife did have some separate property and that her husband was insolvent, and we think it will be presumed that the decree was rendered on such grounds in default of any allegations that the decree of separation of property was based on the sole ground of an indebtedness due by the husband to the wife.

The law does not require that the decree of separation must be recorded, and in Brown vs. Smythe, supra, it was held that the failure to publish the decree was not such a nullity as a subsequent creditor could raise, unless the failure to publish had injured the creditor, and as there is not any allegation that the failure to publish the decree injured the plaintiff, these specific grounds of attack do not show a cause of action.

We are therefore of the opinion that the petition failed to state a cause of action, and that the exception was good and should have been sustained; and this view of the cause renders it unnecessary to consider the plea of prescription.

The judgment appealed from is therefore affirmed.