AYRES, Judge.
This is an action by a wife against her husband for a judgment decreeing a separation of property during the marriage under the provisions of LSA-C.C. Art. 2425. From a judgment rejecting plaintiff’s demands she appealed.
LSA-C.C. Art. 2425 provides:
“The wife may, during the marriage, petition against the husband for a separation of property, whenever her dowry is in danger, owing to the mismanagement of her husband, or otherwise, or when the disorder of his affairs induces her to believe that his estate may not be sufficient to meet her rights and claims.”
This article has been construed to apply to all cases where the habits and circumstances of the husband rendered it necessary to preserve for the family the earnings of the wife from her separate industry or talents.
Carite v. Trotot,
105 U.S. 751, 26 L.Ed. 1223 (1881).
Thus, a wife may obtain a separation, though she brought no dowry, and have no actual claims against her husband which can be endangered by the disorder of his affairs, where his habits or circumstances render it necessary to preserve her own separate earnings for her family.
Brown & Learned v. Smythe,
40 La.Ann. 325, 4 So. 300 (1888);
Mock v. Kennedy,
11 La.Ann. 525 (1856);
Davock v. Darcy,
6 Rob. 342, 344 (1844).
A wife also has the right of demanding the administration of her para-phernal property previously confided to her husband whenever she chooses, and such a demand must not be confounded with an action for a dissolution of the community.
Burns v. Thompson,
39 La.Ann. 377, 1 So. 913 (1887).
Moreover, such an action may be maintained by the wife though the husband be not indebted to her nor she own any property in her own right.
Vickers v. Block, Britton & Co.,
31 La.Ann. 672 (1879).
Thus, in a suit by a wife for a separation of property, it is sufficient that she show that the habits and circumstances of her husband render such separation necessary in order to enable her to preserve for her family the earnings she may derive from her separate industry and talents.
Gastauer v. Gastauer,
131 La. 1, 58 So. 1012 (1912).
The record discloses that these parties were married June 15, 1966, but prior thereto plaintiff had purchased an undivided one-half interest in a house and lot, located in Caddo Parish, where they made their home following t'heir marriage. Though the marriage had been generally a compatible relationship it was beset by financial difficulties. After their marriage, plaintiff continued to work as a domestic, but defendant was unable to obtain or hold a *416 steady job. He held numerous jobs but for appreciable periods of time did not work at all. He accumulated numerous debts which he was unable to pay. This resulted in embarrassing phone calls, collection letters, and several lawsuits, at least two of which resulted in judgments against him. As a consequence, plaintiffs meager earnings as a domestic have been expended to aid her husband in coping with his financial difficulties. All of this has been and is of grave concern to plaintiff because of the possibility of the loss of her property as well as her earnings.
The record established to the trial court’s satisfaction that (1) the defendant has mismanaged his affairs; he is insolvent and embarrassed financially and is a poor risk financially; (2) plaintiff owns an interest in real estate which is her separate property, and earns wages from her own labor as a domestic of less than $100 per month.
The court obviously concluded that all of plaintiff’s earnings were community property under LSA-C.C. Art. 2404 and, consequently, that she has no separate earnings to protect. It was reasoned that, since plaintiff’s separate property is not liable for community debts, unless she accepts the community upon its dissolution, or unless she voluntarily assumes the payment of community obligations, her petition did not state a cause of action. Thus, it would appear that the court concluded, without any separate earnings to protect, a wife cannot obtain a separation of property during a marriage. Such a conclusion is not, in our opinion, supported by the jurisprudence of this State, as is shown by the authorities to which we have already referred.
 The cause of action afforded the wife under LSA-C.C. Art, 2425 is designed to protect any earnings of the wife, whether separate or community. For instance, in Davock v. Darcy, 6 Rob. 342, 344, supra, the court pointed out:
“ * * * it does not necessarily follow that she can, in no case, obtain a separation of property, because she brought no dowry, or had no actual claims against her husband which may be endangered. A wife who has brought no money in marriage, may bring that which is more than an equivalent for it. She may be a good teacher of music, a milliner, or possess some other art, or industry, whereby she can make large earnings for the support of her family. If the husband of such a woman is a spendthrift, or an imprudent man, all her gains, which would belong to the community, might be squandered away by him, or be seized by his creditors. Although in such a case, the wife have [sic] brought no dowry, she has an interest as strong as if she had brought one, in being separated from her husband, and in putting an end to the community, in order to preserve for her family, the future earnings or gains she may derive from her industry or talents. The object of a separation of property is two-fold; it provides for the present, by enabling the wife to recover her dowry, or other claims against her husband; and it provides for the future, by putting an end to the community, and thus securing to the wife her individual acquisitions, or gains thereafter, in whatever manner obtained. It would be giving to the article of the Code too narrow a construction, to limit the wife’s right to a separation to the cases therein enumerated, because they are the most ordinary ones. Pothier, De la Communauteé, Vol. 2, No. 501. Toullier, Vol. 13, p. 48, No. 28, 8 Duranton, Brussels’ edit, p. 192, No. 404.”
The correctness of these pronouncements and the principles to which they apply were recognized in Sonnier v. Fris, 220 La. 1085, 58 So.2d 393 (1952), wherein it was stated that the object of the statute providing for a separation of property between a husband and wife is to provide for the present by enabling a wife to recover her dowry, or other claims against her husband, and to provide for the future by putting an end to *417 the community and thus securing to the wife her individual acquisitions, or gains, thereafter in whatever manner obtained.
Accordingly, for the reasons assigned, the judgment appealed is annulled, avoided, reversed and set aside; and
It is now ordered, adjudged, and decreed there now be judgment herein in favor of plaintiff, Lee Versa Mitchell, against defendant, E. James Mitchell, dissolving the community of acquets and gains heretofore existing between them and decreeing that plaintiff be, and she is, separated in property from her husband and entitled to conduct her own business and affairs separately, apart and free from any liability of or interference from her husband.
Defendant-appellee is assessed with all costs, including the cost of this appeal.
Reversed and rendered.