| 4 | 513 |
| f119 | 689 |

## LONGINO *v.* BLACKSTONE.

Proof that a judgment of separation of property had been obtained by a married woman against her husband, will not authorize a judgment against her personally for a debt contracted by her since the judgment of separation. *Per Cur :* A separation of property, though decreed, if not executed by payment of the rights and claims of the wife as far as the estate of the husband can pay them, made to appear by an authentic act, or by a *bona fide* uninterrupted suit to obtain payment, is null. C. C. 2402.

APPEAL from the District Court of Franklin, *Barry*, J. *Purvis*, for the plaintiff. *Phelps*, for the appellant. The judgment of the court was pronounced by

LONGINO
v.
BLACKSTONE.

Rost, J. The plaintiff sues on two promissory notes, which he alleges were made by *Susannah Blackstone* and others, *in solido*, for an improvement upon public land; and further avers that the said *Susannah* was at the time separated in property from her husband, and authorized to bind herself as a feme sole. Judgment was rendered in his favor against her, and she appealed.

Besides other grounds of defence, which it is not necessary to notice, the defendant alleges that her husband, *P. M. Blackstone*, signed her name to the notes, without her approbation; that, so far as she acted in the transaction, she was the passive instrument of her husband's will; that all she did was done under marrital authority, and created no personal obligation on her part. Her answer also contains a general denial.

To prove the separation of property, the plaintiff propounded to her the following interrogatory:

Did you bring a suit for separation of property between you and your husband, *P. M. Blackstone*, when you lived in the parish of Catahoula, and did the district court decree a separation, and do you hold the negroes and other property which you have now, as your own separate property?

The defendant failed to answer this interrogatory; and it was ordered by the court to be taken for confessed.

The evidence thus obtained is not sufficient to authorize a judgment against the defendant personally. A separation of property, although decreed by a court of justice, is null, if it has not been executed by the payment of the rights and claims of the wife, made to appear by an authentic act, as far as the estate of the husband can meet them, or at least by a *bona fide* non-interrupted suit to obtain payment. C. C. 2402. Nothing of this kind is shown to have been done; nor does it appear that the defendant ever had any property entitling her to a judgment of separation.

It is, therefore, ordered that the judgment in this case be reversed; and that there be judgment in favor of the defendant, with costs in both courts.