## JESSEE R. JONES *v.* WIDOW and HEIRS OF D. B. MORGAN.

The article of the code requiring execution to issue within a limited time after the decree of separation of property between husband and wife, under *pain of nullity*, is only applicable to cases in which there is judgment against the husband for a sum of money.

Where a separation of property, between husband and wife, has been decreed by a court upon the voluntary admissions or agreement of the parties, the judge who decreed that separation, cannot take the ground, that the decree was rendered upon insufficient evidence.

As against creditors, manual gifts have no date.

A donation made by the husband to his wife, may be attacked and set aside by subsequent as well as prior creditors.

APPEAL from the District Court of St. Tammany, *Stirling*, J. *A. Hennen*, for defendants. The judgment of the court was pronounced by

ROST, J. The plaintiff alleges, that he is a creditor of the succession of the late *David B. Morgan*, who left, at his death, his widow, *Marie Constance Baham*, and nine children, three of whom are minors, represented by their mother and tutrix; that *Mrs. Morgan* has, in certain judicial proceedings, pretended to renounce the community, but that she retains in her possession all the property belonging to the deceased and to the community without making an inventory of the same; and that she conceals a large amount of the community property, with the intention to convert it to her individual benefit.

He prays, that *Mrs. Morgan* and the heirs of *David B. Morgan* be cited; and that, after due proceedings, the debts due him by the succession of *Morgan* be recognized and allowed; and that *Mrs. Morgan* be decreed to surrender the property mentioned in the petition. He finally prays, that said property be adjudged to belong to the succession of *David B. Morgan*; and that a sufficient portion of it be seized and sold, to satisfy his claim.

The heirs of age renounced the succession of *David B. Morgan*, and were dismissed from the proceeding. The tutrix filed a general denial in behalf of the minors, who have accepted the succession, with the benefit of an inventory. The answer of *Mrs. Morgan*, in her own right, denies, specially, the concealment of any property belonging to the succession of her husband, or the conversion of it to her own use. She further avers, that, during marriage, her husband made to her manual gifts, accompanied by actual delivery, which she was authorized to receive, and retain, and appropriate to her own use; that she had money and other movable effects, at the time of her marriage, to the amount of $3000; that she administered her paraphernal effects during marriage, bought and sold lands, lots, slaves, houses, &c., and made great profits; that after her separation of property from her husband, she purchased, from the Union Bank of Louisiana, in good faith, the property mentioned in the petition; and that the bank is under full warranty to her.

After issue joined, *Mrs. Morgan* having died, her heirs appeared, pleaded the general issue, and adopted the answer previously made.

The court, considering that the plaintiff had failed to substantiate his allegations against *Mrs. Morgan*, simply gave a judgment in favor of the plaintiffs against the minor heirs, for the amount of his claim, with interest and costs: this judgment not to be executed against them otherwise than in the regular administration of the succession of *David B. Morgan*. The plaintiff has appealed.

This action is, we presume, instituted under art. 990, 991, 992 of the Code of Practice, which make it the duty of competent courts, on the application of the creditors of a succession accepted under the benefit of inventory, to cause to be sold so much of the property thereof, as may be necessary to pay the debts, and as there is no exception to the form of the action, or to the capacity of a single creditor to maintain it, the case is fairly before us on its merits. *Bryan v. Atchison*, 2d Ann. 465.

In November, 1844, a judgment of separation of property was rendered in favor of *Mrs. Morgan*, putting an end to the community, and recognizing 250 head of cattle and six slaves then in her possession, and under her control, as constituting all her paraphernal property. The judgment was rendered by the plaintiff, who was, at the time, a district judge. He now urges several grounds of nullity against it. The first is, that no execution issued under it, within the time prescribed by law.

JONES
*v.*
MORGAN.

The article of the code requiring execution to issue within a limited time after the decree of separation, under a pain of nullity, is only applicable to cases in which there is a judgment against the husband for a sum of money. This precaution is, no doubt, intended for the protection of those with whom the husband is in the habit of dealing. But, in this case, the object of the action was not to recover monies of the wife; it was simply to put an end to the community, and thus secure to the wife and her children, the future earnings she might derive from her untiring industry. This was a sufficient ground for the action, and, as it is shown by the evidence, that *Mrs. Morgan* had, at the time, the administration of her paraphernal property, there was nothing in the judgment upon which an execution could issue. *Davock* v. *Darcy,* 6 Rob. R., 342. Pothier, de la Communauté, vol. 2, No 501. Touillier, vol. 13. 48, No 28. Marcadé, vol. 5. 581.

The plaintiff further urges, that the decree of separation was collusive and in fraud of creditors, and, that from an inspection of the proceedings, we have a right to presume, (and such was the fact,) that this judgment was entered up at the request of the parties, and upon no other evidence, than their acknowledgements in open court. Others, perhaps, might avail themselves of such a presumption. But the judge who rendered the judgment of separation, cannot. Art. 2401, C. C., provides that a separation of property must be petitioned for, and ordered by a court of justice, after hearing all the parties ; that it can in no case, be referred to arbitration, and that every voluntary separation of property, is an absolute nullity.

We consider this article as imposing upon the judge, the duty to require legal evidence of the facts alleged, and not to receive, in place of it, agreements of parties or their counsel, under which the decree of separation would, in fact, amount to nothing more than a voluntary separation. The plaintiff was bound to require such evidence as would satisfy his mind of the good faith of the parties ; and he cannot be heard to say that he did not. The judgment of separation must therefore be considered as conclusive, as far as it goes.

After the decree of separation, the wife was authorized to buy property in her own name, and we see nothing, in the purchases made by her, which stamps them with the fraud alleged.

The petition contains no claim against *Mrs. Morgan* for the proceeds of the Madisonville property sold by her, and which it is alleged she held under a disguised donation from her husband, made after the separation of property. The prayer of the petition is limited to the restitution of the property of the community, now in her possession. The value of this property, moreover, after deducting from it the cost of the improvements made upon it by *Mrs. Morgan,* is quite inconsiderable.

Nothing is shown that can at all affect the validity of the sale of *David B. Morgan's* property, to the defendant, by the Union Bank. This property had previously been seized and sold, at the suit of the Citizens' Bank, on account of the non-payment, at maturity, of the installments of the stock debt due that institution by *Morgan.* The entire debt became due, by the non-payment of the matured installment, and the bank was authorized to cause the property to be sold for cash. At this sale, the Union Bank became the purchaser, with a view to secure its claims against *David B. Morgan,* and those claims were accordingly made a portion of the consideration in the sale to *Mrs. Morgan.* If it be true that, notwithstanding the assumption of these debts, *Mrs. Morgan*

still purchased the property at a price much below its value, the stockholders of the bank have alone the right to complain; a higher price would not have benefitted the plaintiff.

We now come to the payment of $3000 made by *David B. Morgan* to his wife, in the year 1835, out of the proceeds of the sale of community property. The record shows that this sum was placed in the possession of *Mr. Lesassier,* who kept it, at interest, for the use of *Mrs. Morgan,* until it amounted to $5000; that in 1838, *Lesassier* and his wife executed a note for the said $5000, payable to *Mrs. Morgan* five years after date, with interest at seven per cent per annum; that said note was endorsed, in blank, by *Mrs. Morgan,* with the authorization of her husband, and that, on the 1st of December, 1843, one *Ralph J. Smith,* being the holder of said note, gave it to *Lesassier* and wife, as the consideration of a sale of a house and lot in Gravier street, and two lots in Livaudais. It is proved that the rents of this property were always collected by *Lesassier* and paid over to *Mrs. Morgan,* according to instructions received from *Mr. Smith,* and that the property was inventoried in the succession of *Mrs. Morgan,* as belonging to her. The ownership of that property by *Mrs. Morgan,* is not seriously contested, and the plaintiff has distinc'y asked that it be subjected to the payment of his debt.

There is no evidence in the record to show, that *Mrs. Morgan* brought any thing but cattle into marriage, and the declarations of *Morgan,* when he paid the $3000, satisfy us that the stipulation in the marriage contract, which the notary failed to sign, was intended to cover a donation of that sum from him to her. There was neither dotal nor paraphernal property to replace, at the time of the payment.

It is urged, that the donation can be sustained as a manual gift. But the first objection which presents itself to this ground of defence is, that against creditors, manual gifts have no date, and that all the property in possession of the husband or of the wife, which is neither dotal nor paraphernal, is subjected by law to the husband's debts.

It cannot be contended, upon legal principles, that a manual gift ought to have greater effect than a donation made, by the husband to the wife, in the marriage contract; and, even in such cases, it has been held, more than once, that the donation does not take effect to the prejudice of subsequent creditors. In the case of *Mercer* v. *Andrews,* Judge Matthews, who delivered the opinion of the court, stated the argument against the validity of such a donation, as follows: "The husband's succession is insolvent; how did it become so? Was it on account of debts contracted by him before the donation, or was it in consequence of debts subsequently contracted? If the first hypothesis be true, then he had no right to give any thing, and if the donation was made in order to secure to his widow the sum given, in fraud of persons who might become his creditors, it is equally subject to be avoided; and that this was intended, we have no doubt. 2 L. R. 543.

We cannot resist the conviction, that the donation, in this case, had a similar object. It must therefore be disregarded, and the property purchased in New Orleans and Livaudais, held to be community property, and subjected to the payment of the plaintiff's claim.

It is therefore ordered, that the judgment in this case be reversed. It is further ordered, that the plaintiff be, and he is hereby recognized as a creditor of *David B. Morgan's* succession, for the sum of $4870 05, with interest at

JONES
v.
MORGAN.

the rate of five per cent per annum, from 17th of April, 1847, till paid. It is further ordered, that *M. Constance Baham*, the defendant, surrender to the sheriff, the lot of ground in Gravier street, and the two lots in Livaudais, parish of Jefferson, described in the petition, which are hereby adjudged to belong to the succession of *David B. Morgan.* It is further ordered, that the district judge cause said property to be sold at public auction, after thirty day's advertisement, in conformity with the provisions of art. 999 of the Code of Practice. It is further ordered, that the proceeds of the sale, up to the amount of the plaintiff's debt, after deducting the costs of this suit, be paid over to him, in satisfaction of his claim; and that any balance remaining, be paid over to the defendant, *Marie Constance Baham*, in her capacity of tutrix of the only heirs of *Morgan*, who had accepted his succession.