12 193
f119 690

CATHARINE L. CAMPBELL, wife of JOHN WALKER, *v.* JOHN M. BELL, Sheriff, et al.

Where the wife had obtained a judgment of separation of property from her husband, and subsequently purchased property in her own name, and the proceedings were charged by the creditors of the husband to have been fraudulent and collusive between the wife and the husband—*Held:* That to support the wife's separate title, the judgment of separation is not sufficient. The creditors have a right to demand the evidence on which it was rendered.

It must also be shown that the property was purchased with the wife's separate funds.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*J. Q. A. Fellowes*, for plaintiff and appellant. *G. P. McPheeters*, for defendants.

BUCHANAN, J. This is an injunction of the execution of a judgment against the husband of the plaintiff as a defaulting administrator of a succession, and was dissolved by the District Court for the following reasons, in which we entirely concur:

"In February, 1851, *Walker* was appointed curator of the succession of *Spencer Gates*. His administration resulted in a judgment against him, and in favor of the estate, in the sum of $737 89, with interest at the rate of twenty per cent. on the sum of $909 40 from the 8th of August, 1851.

"Under this judgment, execution issued and property was levied upon.

"His wife has enjoined the sale. She had obtained a judgment in March, 1843, dissolving the community of acquets which existed between herself and husband, and also in her favor for $2200, amount of paraphernal property which her husband had used.

"Subsequent to this judgment, she purchased at succession sales some of the property, the sale of which she has enjoined here, and the rest she purchase at a Sheriff's sale, made under an *alias fi. fa.* issued in October, 1855, on the judgment obtained by her.

"The representative of the succession of *Gates* has put her upon the proof of the verity of this judgment. He alleges that it was obtained by fraud and collusion between herself and her husband, upon illegal and insufficient testimony, and that no attempt has been made to execute it by *bona fide*, nor interrupted suit. He specially denies what is alleged in her petition, that these purchases were made with her paraphernal and individual funds, and avers that she has not been possessed of nor has she exercised any rights of ownership over the property.

"Thus put her upon defence of her judgment, she has given in evidence the publication of the decree dissolving the community, but she has offered nothing but the judgment, which, under the allegations in the answer, is not sufficient. She does not offer the evidence upon which it was rendered, and this the defendant herein had the right to demand, and this it was her duty to furnish. Her not having done so must be taken as evidence against her. *Mure* v. *Tarborough*, 11 L. 533.

"Neither has she shown that desire to enforce a prompt and *bona fide* execution of the judgment, which is required by Art. 2402 C. C. She introduces in evidence an *alias fi. fa.* issued in October, 1855, (the judgment was obtained

in 1843) ; but what became of the first *fi. fa.*, which should have been returned before the second issued ; when it was issued, what was made of it, or whether it issued at all, are facts which could have been easily proved, which she was bound to produce under the pleadings, if they existed, and which are not to be found in the record, this being the case within the rule laid down in *Mure* v. *Tarborough*, 11 L. 533 ; *Bostwick* v. *Gasquet*, 11 L. 513 ; *Berlie* v. *Walker*, 1 R. 431 ; *Longino* v. *Blackstone*, 4 An. 513. But admitting the correctness of the judgment, she does not attempt to show that the money with which she purchased property in 1846 and 1850 was purchased with her paraphernal funds, which she was called upon to do. It no where appears that her paraphernal property, if she ever had any, amounted to more than $2200. She has not shown by proper evidence any attempt to make this judgment, until long after she pretends to have acquired property with her own funds. Neither is it shown, that after the dissolution of the community she ever made or could have made by her industry the money with which this property was purchased.

" Upon the whole, I am forced to say that the judgment of separation is not binding against third persons, and that the act of the parties seem to have had for their object the securing of the husband's property from the pursuit of his just creditors, and those are proceedings which courts of justice cannot sanction."

The appellee has filed an answer to the appeal, praying that the judgment of the District Court be amended by allowing damages of twenty per cent. upon the judgment enjoined against the principal and surety in the injunction bond, according to the Act of 1833.

We think this is a case for the application of the statute in question. The record informs us that the present is the third injunction which has been issued to stay the collection of a debt incurred by the misconduct of the plaintiff's husband. See the case of *Gates' Succession* v. *Walker*, 8 An. 277. It is fit that a warning should be given to those who lightly affix their signatures to bonds for such purposes.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended ; that the injunction herein issued be dissolved, and that the succession of *Spencer Gates*, appellee, recover of *Catherine L. Campbell*, widow of *John Walker*, and of *J. T. Slingerland*, principal and surety in the injunction bond, *in solido*, one hundred and forty dollars, as damages, with costs in both courts.