### Joyce Holmes *v.* Barbin, Sheriff, et al.

When a wife authorized by the judge prosecutes a suit alone, and unassisted by her husband, an appeal from a judgment rendered in her favor, will not be dismissed on the grounds that the appeal bond was not executed in favor of her husband as well as herself.

Although a wife may have acquired property in fraud of her husband's creditors yet if her title be a reality, and not a mere sham, they cannot seize it directly for his debts, but should first resort to the revocatory action.

When the husband is insolvent, a judgment of separation of property will not be declared null, for want of execution.

APPEAL from the District Court of the Parish of Avoyelles, *Cullom*, J.
*F. P. Hitchborn*, for plaintiff.   *Génères & Lewis,* for defendants and appellants.

Spofford, J.   The plaintiff has died since the appeal was taken by defendants. Her legal representatives, appearing in this court, have moved to dismiss the appeal, because the appeal bond was not executed in favor of the plaintiff's husband as well as herself.   The motion is overruled.   Her husband did not join her as assistant plaintiff, and has not made an appearance as a party to the suit.   She was authorized by the Judge to prosecute it alone.   She is the only appellee.

The defendants, under execution against the plaintiff's husband, *James E. Howard*, seized a plantation which the plaintiff claims as owner by just title translative of property.   The defendants reply, that this title is a mere simulation and that the plantation still belongs as it formerly belonged to *James E. Howard*, the husband, who is their judgment debtor.   If the plaintiff's title is serious and real, the judgment perpetuating the injunction is correct.   Although she may have acquired the property in fraud of her husband's creditors, yet if the title be a reality and not a sham they could not seize it directly for his debts, but should have first resorted to the revocatory action.

The title is regular upon its face.   On the 7th October, 1843, the property was sold as *Howard's* by the sheriff under execution at the suit of *Lewis & Jewell* v. *Howard & Orr*, and bought by *Henry M. Howard*, on the 20th February, 1848, *Howard* sold it to the plaintiff, *Joyce Holmes*, by authentic act.

The burden was on the defendants to establish the simulation of these sales.   But the evidence offered by themselves shows that they were real.

Again the appellants contend that a community of gains was subsisting between *Joyce Holmes* and her husband *James E. Howard* on the 20th February, 1848, and that this acquisition from *H. M. Howard*, although made in the name of the wife, fell into the community, and is therefore subject to seizure for *Howard's* debt.   On the 19th November, 1845, she had a judgment against her husband for a separation of property, whereby she also had her title recognized to two slaves free from the control or interference of her husband ; she also recovered judgment against him for $62 25, although she had not specially asked it.   This judgment was duly advertised.

The defendants contend that it is absolutely null for want of execution.   C. C. 2402.   But it would appear to have been executed so far as it was possible for the estate of her husband to meet it.   He is proved to have been utterly insolvent. An execution even for the $62 25 would have been a vain thing.

It does not appear that a moneyed judgment was demanded against him in her petition. Nor was it necessary to issue an execution on account of the two slaves. The title was not in their joint names, as in the case of *Handy* v. *Sterling*, 1 An. 308, but the wife had just acquired them in her own name, through an act of partition between herself and her co-heirs under the will of her brother. She merely desired to have her right to a seperate administration of her paraphernal property recognized, and the community dissolved, on account of the disorder of her husband's affairs. This she obtained, and the record does not authorize us to say that any writ of execution could have effected more than was effected by the simple judgment duly advertised.

We are, therefore, of opinion that the community was dissolved.

Judgment affirmed.