No. 6227.

28    345
f119   689

MRS. A. NACHMAN VS. G. LEBLANC, SHERIFF, ET AL.

The property seized was mortgaged by the plaintiff's husband to the seizing credit-
ors on the twenty-sixth of March, 1868. The plaintiff's judgment against her
husband was rendered on the eighth of July, 1868. The husband conveyed the
same property to his wife on the ninth of August, 1869, in payment of her judg-
ment against him. Here eleven months elapsed after the rendition of the plain-
tiff's judgment against her husband before any move was made to enforce it.
More than one year before the rendition of her judgment her husband had been
owner of the houses and lots he conveyed to her in payment, to the extent of
their value, of the judgment rendered against him. There is no reason why the
*dation en paiement* could not have been made at once, or at least within a far
briefer period of time than eleven months.

Through plaintiff's laches in failing to comply strictly with the law requiring
prompt and continuous proceedings to enforce the payment of her judgment,
said judgment had become null before she instituted this injunction proceeding,
and she was at that time without any legally ascertained rights that authorized
her to interfere in the efforts of the defendants to enforce their mortgage against
the property in question. The sale from the husband to the wife after her judg-
ment had lapsed was simply null. They were then in the same situation they
were in before the rendition of the judgment. They were not separate in prop-
erty, and there was no judgment of the wife which the husband was required to
satisfy.

For the same reason she was without interest or right to show that the debt upon
which is predicated the mortgage from her husband to the defendants was paid
and extinct at the time they took out their order of seizure and sale. It was a
matter for the husband alone to look to.

APPEAL from the Fifth Judicial District Court, parish of East Baton
Rouge. *Dewing, J. T. & G. W. Burgess* and *A. S. Herron,* for plain-
tiff and appellant. *E. W. Robertson* and *B. F. Jonas,* for defendants and
appellees.

TALIAFERRO, J. In this case a married woman, alleging herself to be
separate in property from her husband by judicial decree, and claiming
to be owner of two lots of ground, with the buildings and improvements
thereon, situated in the city of Baton Rouge, complains that Meyer,
Weiss & Co., merchants of New Orleans, have caused an order of seizure
and sale to issue against the property of her husband, and that under
that order the sheriff has seized her said property and advertised it for
sale. She thereupon applied for and obtained an injunction restraining
the sheriff from proceeding to sell the property. In her petition the
wife sets forth various grounds and reasons why the property seized
should not be sold. She avers that the note and mortgage given to
Meyer, Deutch & Weiss, upon which the order of seizure and sale was
taken out, were not intended to be for an absolute indebtedness to the
amount of the note, but were executed as a continuing guarantee and
security for future advances to be made to her husband by them; that
in truth and reality the real sum for which her husband was indebted to
them has been fully paid by shipments of cotton made by him to his

29

Nachman vs. LeBlanc.

said merchants, and that he does not, on account of said note and mortgage, owe them any thing.

She declares that, in signing the mortgage with her husband and renouncing her legal rights on the property mortgaged, she did so in ignorance of her rights; not having them detailed and explained to her as required by law; that she is illiterate, not knowing how to write; that she is therefore not bound by the said renunciation.

The plaintiff is met by various exceptions interposed by the seizing creditors. They aver in their answer that the pretended judgment of separation of property set up by the plaintiff has lapsed and become null and without effect through her failure to execute the same within the time required by law, and is without effect, even as between the parties to it; that the effect of said judgment on the mortgage records could have no effect as to the respondents, for the reason that plaintiff joined in the act and specially renounced whatever mortgage rights or other claims she may have had on the property. They deny generally all the averments of the plaintiff's petition, and pray that the injunction be dissolved, with damages.

The judgment in the court below was rendered in conformity with the prayer of the defendants' answer. The injunction was dissolved with ten per cent damages on the amount enjoined as general damages and special damages as attorney's fees in the sum of $350, to be recovered in solido against the plaintiff and her sureties on the injunction bond, and all costs of suit.

The plaintiff has appealed.

The property seized was mortgaged by the plaintiff's husband to the seizing creditors on the twenty-sixth of March, 1868. The plaintiff's judgment against her husband was rendered on the eighth of July, 1868. The husband conveyed the same property to his wife on the ninth of August, 1869, in payment of her judgment against him.

The case would seem to turn upon the question of validity of the wife's judgment.

The article 2428 [2402] of the Civil Code provides that: "the separation of property, although decreed by a court of justice, is null, if it has not been executed by the payment of the rights and claims of the wife, made to appear by an authentic act, as far as the estate of the husband can meet them, or at least by a bona fide non-interrupted suit to obtain payment."

For obvious reasons this "bona fide non-interrupted suit" to obtain payment and satisfaction of the wife's judgment is imperative, and nullity results from its non-observance. Here eleven months elapsed after the rendition of the plaintiff's judgment against her husband before any move of any kind was made to enforce it. More than one year before

Nachman vs. LeBlanc.

the rendition of her judgment her husband had been owner of the houses and lots he conveyed to his wife in payment, to the extent of their value, of the judgment rendered against him. There is no reason why the *dation en paiement* could not have been at once, or at least within a far briefer period of time than eleven months. We can not but conclude with the judge *a quo* that through her laches in failing to comply strictly with the law requiring prompt and continuous proceedings to enforce the payment of her judgment, it had become null before she instituted this injunction proceeding, and was at that time without any legally ascertained rights that authorized her to interfere in the efforts of the defendants to enforce their mortgage against the property in question. The sale from the husband to the wife after her judgment had lapsed was simply null. They were then in the same situation they were before the rendition of the judgment. They were not separate in property, and there was no judgment of the wife which the husband was required to satisfy. For the same reason, she was without interest or right to show that the debt upon which is predicated the mortgage from her husband to the defendants was paid and extinct at the time they took out their order of seizure and sale. It was a matter for the husband alone to look to. We do not find the allegations of the plaintiff in relation to the instructions given her by the notary before she signed her renunciation of her rights on the property mortgaged fully made out. The instructions seem to be sufficiently clear and explicit.

It is therefore ordered that the judgment appealed from be affirmed with costs in both courts.

Rehearing refused.