## No. 11,697.

### HEFNER ET ALS., HEIRS, ETC., VS. JOHN PARKER, ADMINISTRATOR OF HEFNER ET AL.

The separation of property obtained by the wife dissolves the community; her renunciation of it is presumed unless she accepts; and the acceptance must be within the time allowed the wife divorced, or separated from bed and board. Civil Code, Arts. 2406, 2410, 2413, 2414, 2420, 2430, 2431, 2438; Nap. Code, 1452, 1453, 1463; 22 Laurent, p. 383, par. 377; 3 Mourlon, p. 92, par. 217; 8 Duranton, p. 219, par. 450; 12 An. 76; 23 An. 590; 29 An. 719.

Inchoate purchases before marriage consummated after excluded from the community are those in which the obligation of the purchasing spouse to buy and pay the price is perfected before the marriage. 17 La. 288; 5 An. 213.

A PPEAL from the Fifth Judicial District Court, Parish of More-
house.   *Potts, J.*

*Stubbs & Russell* for Plaintiffs, Appellants.

*Newton & Hall* and *G. H. Ellis* for Administrator, Appellee.

*S. T. Baird* for Heirs, Appellees.

The opinion of the court was delivered by

MILLER, J. The plaintiffs, heirs of S. Hefner, claim ownership of
one-half of certain property as belonging to the community existing
between her and her deceased husband, Augustus Hefner. There
were the defences of estoppel, *res judicata*, that the property never
belonged to the community, and that the deceased wife had re-
nounced it. The judgment of the lower court was against plaintiffs,
and they appeal.

We think there can be no question the property was acquired dur-
ing the marriage. One of the plantations involved had been under
a lease by Hefner, with an agreement to buy. The limit of this
agreement had expired before his marriage. The principle that pur-
chases inchoate before the marriage, perfected after, do not fall into
the community, supposes the legal obligation to acquire, perfected
before the marriage. Here there was, before the marriage, neither
obligation on the part of Hefner to buy, nor on the part of the owner
to sell. Lawson vs. Ripley, 17 La. 238.

The marriage occurred in 1877. In 1881 Mrs. Hefner recovered
judgment against her husband for separation of property, and for
paraphernal funds received by him. The money judgment was ex-
ecuted. She never accepted the community. Hefner died in 1892.
At first his wife supposed she was his heir. But in the litigation that
ensued, the decision was against her on that issue, and recognized
some of the defendants in this case as his heirs. Thereupon she
brought the present suit, asserting her right as widow in community,
and dying after its institution, her heirs became substituted as
plaintiffs.

42

Our view of the effect of judgment of separation controls the conclusion we reach. The Civil Code gives to that judgment the effect of dissolving the community. When that dissolution occurs by the death of the wife, acceptance of the community is presumed, unless renounced; when dissolved by divorce or separation of bed and board, renunciation is presumed unless accepted, and the right to accept is lost if deferred beyond the short interval prescribed by the Code; and when the wife obtains a separation of property the Code gives her the right to accept the community up to that period, with the qualification she can not exercise the right of a surviving widow until her husband's death. Civil Code, Arts. 2406, 2410, 2413, 2414, 2420, 2430, 2431. The express provision requiring acceptance and precluding it after a certain delay in the case of the wife divorced or separated in property, and the absence of any such limitation with respect to the wife obtaining the separation, might well lead to the conclusion that such judgment would not bar acceptance of the community by the wife, at any period short of prescription. That construction would support in this case Mrs. Hefner's acceptance in 1892, ten years after the separation of property. It must occur, however, that this inaction is not in accord with the spirit of the articles of the Code exacting prompt enforcement of the wife's judgment against her husband under penalty of its nullity. Art. 2428. Still there is in Art. 2431 provision for postponing the assertion of her right, even after she accepts, till the husband's death. We think, however, there is manifest reason against an interpretation of our Code that holds the community dissolved by the judgment of separation, but leaves the wife at liberty to sleep on her claims it may be for years, and then assert her ownership against the property to which all the world were led to believe she had no claim. This view prompted the decision in one of the cases we cite, Peck vs. Gillis, 23 An. 590, that the judgment of separation barred her claim. True, the community property in this case is in the hands of the administrator of the husband's succession, though burdened with debts, contracted doubtless on the faith of the husband's apparent title. But if this right exists to accept the community as it stood at the date of the judgment of separation, and the exercise of the right admits of indefinite postponement, the right of the wife to follow the community property into the hands of third persons must be conceded, even though the wife

asserts the right years after the judgment of separation, and not-
withstanding the purchase in good faith from the husband by
the party against whom the long slumbering claim is directed.
An interpretation of the Code leading to such results suggests
a pause on the strict letter of the Code that gives the wife, sep-
arated in property, the right to the community up to the date of her
judgment, yet postpones the exercise of her claim till the husband's
death, and is silent as to the manifestation so important to all
dealings with the husband of her acceptance of the community.
The Napoleon Code contains substantially the same provisions
as ours on the subject. There is the same express requirement
that the wife, separated in bed and board, or divorced, shall
accept the community within the period specified; or be presumed
to renounce. There is the same right to accept given to the
wi e separated in property, the postponement of the assertion of her
right till the death of the husband, and the absence of any require-
ment as to the time of acceptance. Napoleon Code, Arts. 1452, 1453.
Yet under that code the commentators reach the conclusion that the
requirement of acceptance within the period limited applies to the
wife separated in property, as well as to the divorced wife. One line
of reasoning is, the suit for separation itself carries in some sense a
renunciation of the community, since the suit is on the theory that
the community is insolvent, or, at least, menaced with embarrass-
ments. Other developments of the argument occur in the text-
books conducting to the same conclusion, that the judgment sepa-
rating the wife in property must be followed by her acceptance of
the community, if she wishes to avail of her community right. 22
Laurent, 693; 3 Mourlon, par. 217, p. 92; 8 Duranton, p. 219, par.
450. In our own jurisprudence, on an attempt to hold the wife for
the debts of the community never accepted, and her liability asserted
years after the judgment of separation, she was held, but it appeared
she had appropriated the community property. It strikes us that
appropriation was enough, and dispensed with the discussion in that
case of the general question whether acceptance is required. The
appropriation itself was acceptance. Ludeling vs. Felton, 29 An. 719.
In another case, years after her judgment of separation of property,
without any acceptance at the time, the heirs of the wife asserted her
community right to property part of the community when the judg-
ment was rendered, but afterward sold by the husband on the theory

the wife never having accepted had abandoned her community claim. The Supreme Court held non-acceptance was renunciation of the community.   Peck vs. Gillis, 23 An. 590.   The same conclusion was reached by our Supreme Court in yet another case, in which the decision is in the main rested on the French authorities, dealing with the Napoleon Code.   Audrich vs. Lamothe, 12 An. 76.   We think on principle and authority the judgment of separation and property should be deemed a renunciation of the community, unless within the delay given the wife divorced or separated from bed and board, the community is accepted.   If the articles of our Code are deemed perplexing, or our jurisprudence at all uncertain on the subject, the better reason the question should be put at rest.   The French writers have dealt with the difficulties of the subject, and we think their solution affords a safe guide, accepted, too, in one of the previous decisions we cite of this court.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.