(90 South. 676)

No. 24077.

LAROSE v. NAQUIN et al.

(June 30, 1921.  On Rehearing, Jan. 2, 1922. Second Rehearing Denied Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. Husband and wife ⬅️271—Judgment of separation of property null and did not dissolve community when never executed.

Under Code, art. 2428, providing that the separation of property, although decreed by a court, is null, if not executed, etc., a judgment of separation of property from the husband obtained by the wife was null and did not dissolve the community, where it was obtained on the one ground of the husband's indebtedness to the wife and was not followed by execution.

2. Husband and wife ⬅️273(1)—Wife entitled to one-half of community property and usufruct of other half.

Under Code, art. 916, where the community was not dissolved prior to the husband's death and the wife and several children survived, the wife was entitled to one-half of the property as survivor in community and the other half as usufructuary.

3. Husband and wife ⬅️271—Judgment of separation did not bear interest until husband's death, when never executed.

Where a judgment of separation of property obtained by the wife was never executed, and the wife never sought to assume the administration of her separate property, she was not entitled to interest on her paraphernal claim established by the judgment from the date thereof, but was entitled to interest from the husband's death.

150 LA.—12

4. Evidence ⬅️265(17)—Admission in answer binding on party's heirs and those claiming under them.

Where the husband's answer in the wife's suit for separation of property admitted an indebtedness to the wife, such admission was binding on the husband's heirs and on the purchaser of the interest of one of the heirs.

5. Husband and wife ⬅️271—Judgment of separation of property evidence of debt, though never executed.

Though a judgment of separation of property obtained by a wife was null as an executory judgment, under Code, art. 2428, because never executed, it was evidence of the existence of the debt thereby established in favor of the wife.

6. Husband and wife ⬅️271—Judgment of separation presumed not satisfied, when no evidence of payment produced.

Where a wife obtained a judgment of separation of property in 1877, payment or extinguishment of the debt was a matter of special plea, the burden of sustaining which rested on those opposing the wife's claim, and, proof not having been produced, the debt must be regarded as not extinguished.

7. Husband and wife ⬅️271—Wife's unrecorded paraphernal claim not effective against purchaser of child's interest.

Where a wife's paraphernal claim under a judgment of separation of property was not recorded, it could not affect the right of one who, after the husband's death purchased the interest of one of the children.

On Rehearing.

8. Husband and wife ⬅️271—Judgment of separation of property ineffective, when there was no proof of husband's embarrassed condition.

A judgment of separation of property obtained by a wife on the ground of the husband's indebtedness to her was ineffective, where there was no sufficient proof to establish the embarrassed financial condition of the husband.

9. Husband and wife ⬅️271—Agreement for deposit of proceeds of community property held not to waive right to legal interest on paraphernal claim.

An agreement that the proceeds of community property sold in a suit for partition following the husband's death should be deposited in a bank did not waive the wife's right to collect interest at the legal rate on her

paraphernal claim, and the interest accruing on the deposit should be added to the principal, and interest on the wife's claim computed at the legal rate.

**10. Partition ⬤⟊89—Surviving wife praying for revenues up to date of sale not entitled to anything more.**

In a suit to partition community property, following the husband's death, between the surviving wife, the children, and the purchaser of a child's interest, the wife was entitled to the fruits and revenues of the property up to the date of the sale only where this was all that was prayed for in her petition.

O'Niell, J., dissenting.

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; Philip H. Gilbert, Judge.

Suit by Theophile Larose against Clay Naquin and others for partition. From the judgment the defendant Mrs. Ernest Naquin appeals. Judgment set aside, and case remanded.

Howell, Wortham & Gianelloni, of Napoleonville, for appellant.

Le Blanc & Talbot, of Napoleonville, Beattie & Beattie, of Thibodaux, Ansil N. Simmons, of Napoleonville, and Charlton R. Beattie, of Thibodaux, for appellees.

PROVOSTY, J. [1] The plaintiff, having purchased the interest of one of the six children and heirs of Ernest Naquin in a tract of land which Ernest Naquin owned at his death, brought this suit in partition, asking that the property be sold to effect the partition. Four of the other heirs and the minor child of the fifth are made defendants, also the widow of the deceased, on the allegation that she is claiming to be owner of an undivided half of the property as survivor in community. Plaintiff contests her said claim, and so do her codefendants. They say that she obtained a judgment in separation of property from Ernest Naquin before he acquired the property. She replies that this judgment was null because

not followed by execution, and therefore failed to dissolve the community. The judgment was not followed by execution. Whether this had, as claimed, the effect of annulling it, so that the community continued to exist, is the first question to be considered.

In Bertie v. Walker, 1 Rob. 431, this court said:

"The Civil Code, article 2402, provides that: 'The separation of property, although decreed by a court of justice, is null, if it has not been executed by the payment of the rights and claims of the wife, made to appear by an authentic act, as far as the estate of the husband can meet them, or at least by a bona fide noninterrupted suit to obtain payment.' "

In Fulton v. Her Husband, 7 Rob. 73, where the wife had delayed from July to October to issue execution on her judgment, and a creditor claimed that this had been such an interruption in her suit as had caused her judgment to become null, the court held that this had not been "such an unusual delay or interruption in the suit" as to entail nullity of the judgment of separation; especially that no rights of creditors had intervened. In the same sense, Pons v. Y. & M. V. R. R. Co., 122 La. 170, 47 South. 449.

In Longino v. Blackstone, 4 La. Ann. 513, the following interrogatory propounded to the wife was taken for confessed, and was relied upon for showing a judicial separation of property, to wit:

"Did you bring a suit for separation of property between you and your husband, * * * and did the * * * court decree a separation?"

The court said:

"The evidence thus obtained is not sufficient to" show that there was a judicial separation of property. "A separation of property, although decreed by a court of justice, is null, if it has not been executed by the payment of the rights and claims of the wife, made to appear by an authentic act, as far as the estate of the husband can meet them, or at least by a bona fide noninterrupted suit to obtain payment. C. C. 2402 [2428]. Nothing of this

kind is shown to have been done; nor does it appear that the [wife] ever had any property entitling her to * * * a separation."

In Campbell v. Bell, 12 La. Ann. 193, a wife who had obtained a judgment separating her in property and condemning her husband to pay her a certain amount in restoration of her paraphernal property was held not to be separate in property because her judgment had not been followed up by execution.

In Heyman v. Sheriff, 27 La. Ann. 193, the court said:

"The judgment of separation was a nullity, because it was not executed by a giving in payment or 'by a bona fide noninterrupted suit to obtain payment,' as required by article 2428 of the Revised Code."

In Morrison v. Citizens' Bank, 27 La. Ann. 401, this court said:

"But this judgment was never executed, or sought to be executed. If not executed, or sought to be executed, it was nothing, and did not affect the community."

In Nachman v. Le Blanc, 28 La. Ann. 345, this court said:

"For obvious reasons this 'bona fide noninterrupted suit' to obtain payment * * * of the wife's judgment is imperative, and nullity results from its nonobservance. * * * They were then in the same situation they were before the rendition of the judgment. They were not separate in property. * * *"

In Chaffe v. Scheen, 34 La. Ann. 684, the court, at page 690, said:

"It is not the judgment itself that produces the separation of property, but the fulfillment of the conditions that must follow its rendition."

Other cases might be cited where a judgment in separation of property, accompanied by a decree for the payment of money, was held to have become null, because not followed by reasonably prompt execution, and to have left the community undissolved.

The judgment of separation in the case at bar must therefore be held to have become null because of nonexecution, and the community must be held not to have been dissolved.

In no case that has come under our observation has this court ever departed from this interpretation, or rather we should say this application, of said article 2428 of the Code. We here advisedly substitute the word "application" to the word "interpretation," for the language of the article is so explicit that there can be no question of interpreting the article, but only of either applying or not applying it.

In the case of Jones v. Jones, 119 La. 677, 44 South. 429, cited by the defendants Clay Naquin et al., the court said:

"It is true that the old rule (to the effect that the entire judgment becomes void by delay, or failure, in the execution) has been modified to the extent that it is now held that a judgment decreeing a separation of property, and condemning the husband to pay a sum of money, may be good, in so far as it decrees the separation, though void as to the moneyed demand for failure to execute. Henderson v. Trousdale, 10 La. Ann. 548; Jones v. Morgan, 6 La. Ann. 630; Vickers v. Block, 31 La. Ann. 673; Walmsley & Co. in Liquidation, 107 La. 433, 31 South. 869. But that presupposes that the judgment of separation is based upon sufficient allegation and proof. Where, however, as in this case, the judgment is void as to the separation for lack of proof, and as to the demand for money, for lack of execution, there is nothing left of it and the relations of the husband and wife are as though no such judgment had been rendered."

The wife in that case had based her suit in separation upon two grounds, either of which would have been sufficient if supported by proper evidence: (1) That her husband was of a speculative disposition, and was daily incurring heavy indebtedness in buildings and improvements and extensive planting, which she feared might prove disastrous and thereby endanger any future acquisitions of hers; and (2) that she was his creditor for paraphernal funds received by him, and which she was in danger of

losing as the result of said speculative disposition and acts of her husband.

A judgment based upon the first of these grounds would have been insusceptible' of execution, and would therefore have been valid without execution. There cannot be an execution where there is nothing to execute. And we may add that there cannot be an execution where the husband has no property upon which to levy. Wolf v. Clark and Lowry, 10 La. Ann. 272; Mock v. Kennedy, 11 La. Ann. 525, 66 Am. Dec. 203; Webb v. Bell, 24 La. Ann. 75; Brown and Learned v. Smythe, 40 La. Ann. 325, 4 South. 300; Walmsley v. Theus, 107 La. 433, 31 South. 869; Hardie v. Turner, 31 La. Ann. 469.

In the case of Jones v. Morgan's Widow and Heirs, 6 La. Ann. 630, this court said:

"The article of the Code requiring execution to issue within a limited time after the decree of separation, under a pain of nullity, is only applicable to cases in which there is a judgment against the husband for a sum of money. This precaution is, no doubt, intended for the protection of those with whom the husband is in the habit of dealing. But, in this case, the object of the action was not to recover monies of the wife; it was simply to put an end to the community, and thus secure to the wife and her children, the future earnings she might derive from her untiring industry. This was a sufficient ground for the action, and, as it is shown by the evidence, that Mrs. Morgan had, at the time, the administration of her paraphernal property, there was nothing in the judgment upon which an execution could issue. Davock v. Darcy, 6 Rob. R. 342. Pothier, de la Communaute, vol. 2, No. 501. Touillier, vol. 13, 48, No. 28. Marcadé, vol. 5, 581."

In Holmes v. Barbin, 13 La. Ann. 474, where the ground of the suit in separation of property had been the disorder of the husband's affairs, and the wife had not asked for a moneyed judgment, but the judgment had nevertheless condemned the husband to pay her $62.25, and execution had not issued, the court maintained the validity of the judgment, for the reason that the husband had no property to be seized.

But a judgment of separation based upon the second of said grounds has always been held to be avoided by failure of timely execution.

The court in Jones v. Jones, supra, assumed that a judgment based upon these two grounds could continue valid for the purpose of dissolving the community, and become null for lack of execution, as a moneyed judgment. Perhaps so; we need not go into that question in the present case, since the judgment in the present case was founded exclusively upon the one ground of the indebtedness of the husband to the wife. But we may add, in passing, that the decisions upon which the dictum is based—that "a judgment decreeing a separation of property, and condemning the husband to pay a sum of money, may be good, in so far as it decrees the separation, though void as to the moneyed demand"—can hardly be said to be authority for it, as a review of said decisions will show. Thus the point adjudicated in Henderson v. Trousdale, 10 La. Ann. 548, was that an error in the amount of the wife's moneyed judgment does not invalidate the judgment in so far as dissolving the community, or as to the part of the moneyed judgment as to which there was no error. No question of nonexecution was involved in the case. In Jones v. Morgan's Widow and Heirs, 6 La. Ann. 630, there was no moneyed judgment, and hence no question of nonexecution. In Vickers v. Black, Britton & Co., 31 La. Ann. 672, where the wife's judgment was attacked for lack of execution, the court said:

"Judgment was rendered in favor of plaintiff, recognizing her as the owner of the silverware and household furniture claimed by her, dissolving the community which existed between her and her husband, and authorizing her to resume the administration of her paraphernal property."

There was therefore no moneyed judgment, and, apparently, no occasion for issu-

ing a writ of execution of any kind. The court quoted from Holmes v. Barbin, 13 La. Ann. 474, where the court had said:

"The record does not authorize us to say that any writ of execution could have effected more than was effected by the simple judgment."

The court went on, however, and granted a dictum of Spencer, J., in a dissenting opinion, in Kirkpatrick v. Finney and Byrnes, 30 La. Ann. 225, to the effect that—

"A wife's judgment may * * * be good so far as it operates a separation of property and dissolution of community—and bad so far as it establishes title to specific property or indebtedness on part of the husband."

In the case from which that dictum was taken there had been timely execution. In Walmsley v. Theus, 107 La. 433, 31 South. 869, the question was as to whether a suit in separation of property need necessarily be accompanied by a moneyed or property demand, and what was held was that it need not; that "she may obtain a separation of property in order to protect the return of her industry," i. e., her future earnings or acquisitions.

Chaffe v. Forcheimer, 35 La. Ann. 205, not cited in Jones v. Jones, is reported by syllabus only, as follows:

"Where a wife has separate property, of which she desires to have her right to the administration recognized free from the interference of her husband therein, on account of the disordered condition of her husband's affairs, these facts entitle her to a judgment of separation of property and such judgment, if she has possession of the property, would not require execution.

"If, in addition thereto, she claims and recovers a moneyed judgment against her husband, the failure to execute the latter would be a cause of nullity of said moneyed judgment, but not of the judgment of separation itself and consequent dissolution of the community to which she was entitled independently of her moneyed claim."

It is noteworthy that the Code does not say that the moneyed judgment shall be null, but that the "separation of property" shall be null. The article reads:

"Art. 2428. The separation of property, although decreed by a court of justice, is null, if it has not been executed by the payments of the rights and claims of the wife, made to appear by an authentic act, as far as the estate of the husband can meet them, or at least by a bona fide noninterrupted suit to obtain payment."

It is also noteworthy that "a married woman can recover a money judgment against her husband in a suit for restitution of the administration of her paraphernal property, unaccompanied by a prayer for a separation of property" (Bordes v. Duprat, 52 La. Ann. 306, 26 South. 821; Joly v. Weber, 35 La. Ann. 806, and cases there cited), and that such a judgment remains valid, although not followed by execution; so that, apparently, the part of a judgment in separation of property which should become invalid for nonexecution should not be the moneyed part, but the part which decrees the separation, and that is exactly what article 2428 says.

By consent of parties the property to be partitioned was sold, and the dispute between the parties is as to what amount Mrs. Naquin is entitled to take in the proceeds.

[2] It results from the nondissolution of the community that at the death of her husband she became owner in full ownership of one half of the property as survivor in community, and usufructuary of the other half by virtue of article 916 of the Code; and that she is therefore entitled to take one-half of the price of the sale of the property and all the revenues yielded by the property since January 15, 1917, the date of the death of her husband.

Furthermore, she is the creditor of her husband's succession for the amount for which judgment was rendered in her favor in the suit in separation of property, to wit,

$3,702.02, less the following amounts, which she admits having received from the separate estate of her husband:

Cash ............................................ $2,224 75
From sale of a buggy......................... 55 00
From sale of hogs............................. 85 00
                                                    ————
                                                $2,364 75

—leaving a balance due her of $1,337.27.

[3] On her said paraphernal claim of $3,702.02 she claims interest from the date of judgment of separation of property; but as she never sought to execute her said judgment, or otherwise sought to assume the administration of her separate property, she is not entitled to any interest during the lifetime of her husband. For the interest since his death, however, her claim of interest is well founded. This interest is fixed in the brief at $49.36, and we fix it at that.

[4, 5] No other proof was administered of her said paraphernal claim than by offering in evidence the judgment in separation of property and the answer in that suit, in which her husband admitted the debt to be due, and the evidence offered in that suit; but no better evidence could be had of the indebtedness than the admission of the husband contained in his said answer. This admission is binding on the heirs of the husband and on plaintiff, who stands in the shoes of one of these heirs. And while the judgment has become null as an executory judgment, and cannot be given effect as a judgment, there is no reason why it should not serve as evidence of the debt. The reason why it has lost its binding force as a judgment is simply because article 2428 of the Code has so provided, and not because it was not, and has not continued to be, evidence of the existence of the debt.

[6] The judgment was rendered in 1877, and no evidence has been offered on the point of whether the debt was extinguished by payment or otherwise during the 40 years from that time to the death of the husband in 1917.

The debt having been shown to have existed at that time, its payment or extinguishment was a matter of special plea, the burden of sustaining which by proof rested upon the opponents of Mrs. Naquin. This proof not having been produced, the debt must be held not to have been extinguished.

Mrs. Naquin is not claiming the right to retain in usufruct the shares of her children in the property, to the right of one of which children the plaintiff, Larose, has succeeded. But she claims to have paid $125 to each of her said children, Clay, Clovis, and Etienne Naquin, and $130 to Mrs. L. Lasseigne, and that these amounts should be deducted from the shares of these children and paid to her. This claim of hers is well founded.

[7] Her paraphernal claim, not having been recorded, cannot affect the rights of the plaintiff, Larose. His proportional share in the proceeds of the sale will therefore be fixed before deduction made of the paraphernal claim.

Therefore in making the partition one-half of the price of the sale and the entire revenues derived from the property between the death of Ernest Naquin and the sale will be paid to Mrs. Naquin.

One-sixth of the remainder will be paid to the plaintiff, Larose.

Out of the remainder the paraphernal claim of $1,337.27 will be paid to Mrs. Naquin, plus $49.36 of interest.

One-fifth of the remainder will be attributed to each of the five heirs, Clay, Clovis, and Etienne Naquin and Mrs. L. Lasseigne, and to the minor, Agnes Boudreau, and out of each of the amounts thus payable to Clay, Clovis, and Etienne Naquin there will be deducted the amount of $125, and out of the amount thus payable to Mrs. L. Lasseigne there will be deducted the amount of

LAROSE v. NAQUIN

$130, and the amounts thus deducted will be paid to Mrs. Naquin.

The lower court recognized the validity of the judgment in separation of property, and as a consequence denied to Mrs. Naquin the half ownership of the property, and denied her interest on her said paraphernal claim.

It is ordered, adjudged, and decreed that the judgment appealed from be set aside, and that this case be remanded to be proceeded with in accordance with the views hereinabove expressed; the plaintiff Larose, and the defendants, except Mrs. Naquin, to pay the costs of this appeal; the costs of the lower court to be paid out of the fund to be partitioned before any partition is made.

O'NIELL, J., being of the opinion that the question of validity of the decree of separation of property is not at issue on this appeal, hands down a separate opinion.

O'NIELL, J. My opinion is that article 2428 of the Revised Civil Code, which was article 2402 of the Code of 1825, means that a decree of separation of property between husband and wife has no effect unless or until it has been executed by a final settlement and liquidation of the marital community or partnership, or unless the wife shall, in good faith, seek to collect any money judgment rendered in her favor and against her husband. The expression is that the separation of property, although decreed by a court of justice, is null if it has not been executed, etc. The expression "if it has not been executed" is a literal translation of the French text "si elle n' a point été exécutée"; which was the French way of saying, "unless it has been executed," or "until it has been executed." It was not intended to leave it to the courts to say when the judgment should become null for failure of the parties to execute it by an authentic act between the husband and wife. If such a judgment is null merely because of failure to execute it, it remains null so long as there is a failure to execute it. That means merely that the judgment is without any effect except such as the parties may give it by executing it.

I agree with the opinion that it is the judgment of separation, not the money judgment in favor of the wife, which remains null or without effect until it has been executed. In this case the judgment of separation had no effect because it was not executed during the lifetime of Ernest Naquin. The community was dissolved by the judgment, in the sense that the parties might have executed it at any time that they might have seen fit to do so. But the community was not liquidated or settled, and therefore continued to exist until it was absolutely dissolved by the death of Naquin. Therefore the settlement of the community would have to be made as of date the date of his death, not as of the date of the judgment of separation; which remained null or without effect because it was not executed.

Without regard for the effect of the judgment dissolving the community, of date the 7th of May, 1877, Mrs. Naquin, the surviving widow, would be entitled to half of the property in question, or half of the proceeds of the sale of it, if she were claiming it. Her husband bought a third interest in a plantation from his father, Arsene Naquin, in February, 1874, which was during his marriage with the present Mrs. Naquin. The two Naquins, Arsene and Ernest, owed to Francioni and Graziani $5,000, which was secured by mortgage on the property; the elder Naquin owing two-thirds of the debt, and the younger Naquin owing one-third, $1,666.66. In January, 1876, that is, during the marriage between Ernest Naquin and the present Mrs. Naquin, Arsene and Ernest Naquin sold the plantation to Francioni and

Graziani for the debt of $5,000; and, on the same day, Francioni and Graziani reconveyed to Ernest Naquin a separate or divided third of the plantation, for his debt of $1,666.66, which was made payable in three equal annual installments. The effect of the transaction, as far as Ernest Naquin was concerned, was to partition the plantation in kind, leaving him indebted for the same amount which he owed to Francioni and Graziani before the partition was made. The property therefore remained community property. If the judgment of separation obtained by Mrs. Naquin in 1877 was without effect because it was not executed, the property continued to belong to the community until the death of Ernest Naquin. If the judgment of separation did have effect, half of the property belonged to Mrs. Naquin and the other half belonged to her husband until his death. The decision to the contrary in Heirs of Hefner v. Parker, 47 La. Ann. 656, 17 South. 207, is a contradiction of the plain language of the Civil Code, and ought to be overruled. In that case it was held that the wife, who had obtained a judgment dissolving the community but not a judgment of separation from bed and board, had lost her right to the community property because she had not formally accepted the community within the delays which are allowed beneficiary heirs to accept or renounce a succession. It was admitted, in the opinion, that article 2420 expressly refers only to the wife who is separated from bed and board from her husband. It was admitted also that the decision could not be reconciled with article 2431, which declares that the separation of property does not impart to the wife any of the rights of a surviving wife, but that she preserves the right of exercising them after the death of her husband. It is also impossible to reconcile the decision with article 2415 of the Code, declaring that the wife's renunciation of the community must be made by an authentic act; and it is impossible to reconcile the decision with the preceding articles, declaring that the wife's renunciation of the community is never presumed.

In the case before us, however, these questions are not at issue. In the judgment appealed from, the court decreed the judgment of separation, of date the 7th of May, 1877, valid in so far as it dissolved the marital community. The court declared that the money judgment in favor of Mrs. Naquin was not valid, but that her claim, which was recognized in the judgment of separation, was sufficiently proven in this case. The court therefore gave her judgment for $3,702, with legal interest from the 7th of May, 1877, that is, from the date of the judgment dissolving the community. The court held, however, that the interest due Mrs. Naquin had been compensated by her husband's having supported her two children of a former marriage, and by her obligation to bear her share of the expenses of the marriage. Mrs. Naquin appealed from the judgment, but, inasmuch as her claim with interest is sufficient to consume the proceeds of the sale of the property, she has acquiesced in the decree in so far as it declares that the community was dissolved by the judgment dated May 7, 1877. The appellees, who obtained that decree in their favor, are also insisting that it is correct and should be affirmed. There is therefore no issue before this court as to the correctness of the decree declaring that the community was dissolved by the judgment dated the 7th of May, 1877, and we have no authority for reversing the decree, however erroneous it may seem to us.

There is no evidence whatever to sustain that part of the judgment appealed from which declares that the interest due to Mrs. Naquin was compensated or offset by the expense of rearing her two children of a former marriage, or by her obligation to bear her share of the expenses of the mar-

riage. According to the decision in Succession of McCloskey, 144 La. 438, 80 South. 650, Mrs. Naquin is entitled to legal interest from the date of her judgment.

My opinion, therefore, is that we should amend the judgment appealed from so as to allow Mrs. Naquin interest at 5 per cent. per annum from the 7th of May, 1877, on her judgment for $3,702.02. From the total amount of principal and interest due her should be deducted the amounts which she has received from the estate, $2,615.75. As to the revenues of the property subsequent to the death of Ernest Naquin, it appears that the property was rented and the rents have been, by consent of all parties, placed at interest. The rents and interest should be added to the proceeds of the sale of the property, $8,386.90. From the total sum should be deducted the costs of court and expenses of the sale; after which plaintiff, Larose, should have one-sixth of the proceeds, without deduction of the claim of Mrs. Naquin, because Mrs. Naquin's judgment was not recorded when Larose bought from one of the six heirs, Mrs. Sidonia Naquin Boudreaux. The widow Naquin's right should be reserved, however, to proceed against Mrs. Sidonia Naquin Boudreaux, for a sixth of the debt due to the widow Naquin. Five-sixths of the amount of Mrs. Naquin's judgment, with interest, should be paid out of the total amount of the proceeds of the sale of the property and the rent, after deduction of the sixth due to the plaintiff, Larose. If there is anything remaining, it should be divided equally among the five other heirs, and from the amounts due them Clay Naquin, Clovis Naquin, and Etienne Naquin should each be condemned to pay to the widow Naquin $125, and Mrs. L. Lasseigne should be condemned to pay $135, which amounts were paid by the widow to her children under the belief that they would not disturb her in her possession as owner of one half, and as usufructuary of the other half of the estate. I am of the opinion that the judgment appealed from should be amended accordingly.

### On Rehearing.

DAWKINS, J. [8] After a further consideration of this cause, we are convinced that the judgment of separation rendered between Mrs. Ernest Naquin and her husband in 1877 was without effect, both because there was no bona fide effort to collect the moneyed portion of the judgment, or to otherwise execute it, in so far as a separation of the physical property belonging to her and her husband was concerned, and because there was no sufficient proof to establish the embarrassed financial condition of her husband. The proof shows that the husband owned the identical property which is now (or its proceeds) the subject of this litigation when the judgment was rendered, although it was mortgaged; but this did not prevent her issuing execution and obtaining whatever equity he may have had therein. The only proof as to his financial embarrassment was an ex parte affidavit of Mrs. Naquin's brother to the effect that such was the condition of his affairs, without any showing whatever as to what that opinion (it being nothing more than an opinion) was based upon. In fact, there was no change whatever with regard to their relations or property other than the mere rendering of the judgment. The community therefore was not dissolved, and the property in controversy continued to belong to it until the death of the husband in 1917. Hence the claim of the wife did not begin to bear interest until the community was dissolved by the death of the husband. In re Succession of McCloskey, 144 La. 438, 80 South. 650.

[9, 10] It is conceded that this court erred in ordering a division of the proceeds of the property before deducting the amount of the

claim of Mrs. Naquin with interest. This claim should bear interest until paid, as we do not think that the agreement by which the money was deposited in bank can be said to have waived her right to collect the interest at the legal rate, just as could be done on any other claim against the succession or community, one-half of which will be paid out of her half of the funds. She is also entitled to the fruits and revenues of the property "up to the date of the sale" only, as this was all that was prayed for in her petition. The interest accruing on the deposit should be added to the principal and divided as a part thereof.

The proceeds of the sale, with accrued interest arising from the deposit, should be treated as the mass, and out of this the plaintiff, Larose, should be paid one-sixth of one-half or one-twelfth of the whole; since Mrs. Naquin concedes she is not entitled to be paid any part of her claim from that interest, six-twelfths of the whole should be paid over to Mrs. Naquin in satisfaction of one-half of her paraphernal claim due by the community and also as her one-half part of the proceeds of the property as partner in community, and out of the remaining five-twelfths she should also be paid five-twelfths of her said paraphernal claim of $3,702.02, with legal interest from the death of her husband, less payments aggregating $2,364.75, as of the dates when they were made; and the remainder of the said five-twelfths should be divided equally among the remaining five heirs, to wit, Clay, Clovis, and Etienne Naquin and Mrs. L. Lasseigne, and the minor, Agnes Boudreau, and out of each of the amounts thus payable to Clay, Clovis, and Etienne Naquin there will be deducted the amount of $125, and out of the amount payable to Mrs. L. Lasseigne there will be deducted the amount of $130, and all of the amounts so deducted will be paid to Mrs. Naquin. As heretofore indicated, Mrs. Na-

quin is to receive the revenues arising from the property after the death of her husband "up to the date of sale," and her rights against Mrs. Sidonia Naquin Boudreaux are reserved.

It is therefore ordered, adjudged, and decreed that this case be, and the same is hereby, remanded to the lower court for partition and distribution of the funds as herein directed, the costs to be paid out of the mass before distribution.

O'NIELL, J., adheres to the opinion heretofore handed down by him.